## STOFFELA *v.* NUGENT.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 179. Argued April 28, 1910.—Decided May 16, 1910.

One committing a fraud does not become an outlaw and *caput lupinum.* Although one by reason of fraud may have no standing to rescind his transaction, if it is rescinded by one having the right to do so the court should do such justice as is consistent with adherence to law.

Although one holding a mortgage may have fraudulently endeavored to prevent another from acquiring the fee of the property, he may still be entitled to have his mortgage paid if the other finally gets the property.

Deeds and discharges of mortgages although different instruments may be parts of one transaction; and one setting aside the deed may also be required to give up the discharge so as to restore other parties to the condition in which they stood prior to the transaction.

18 Arizona, 151, reversed

THE facts are stated in the opinion.

*Mr. J. J. Darlington*, with whom *Mr. John J. Hawkins* and *Mr. Thomas Armstrong,* Jr., were on the brief, for appellants.

*Mr. Eugene S. Ives* for appellee submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a complaint in the nature of a bill in equity brought by the appellee, Nugent, to set aside a deed and mortgage as a cloud upon his title to certain land. The defendant denied the allegations of the complaint and filed a cross-complaint to set aside the deed to the plaintiff. The case was tried before a judge without a jury and he made findings of fact of which the following is an abridged statement. The land was subject to two mortgages held by the defendant, upon which a judgment of foreclosure had been rendered, the sum due being $15,700 and interest. Mrs. Heyl, the mortgagor and owner of the equity, sold and conveyed the land to Nugent on January 4, 1905, he agreeing to procure the payment of the mortgage and judgment liens. On January 9, the day before that fixed for the mortgage sale, the defendant, having knowledge of the conveyance to Nugent, and having evaded Nugent's efforts to pay the mortgage debt, induced Mrs. Heyl to convey a part of the premises to him absolutely in satisfaction of $10,000, and to mortgage the residue for $5,700, and recorded the deeds before Nugent had recorded the deed to him. He also, with fraudulent intent to defeat Nugent's title, it is said, although the possibility is hard to conceive, satisfied of record the former mortgages and judgment liens, the only consideration for his act being the later deed and mortgage given by Mrs. Heyl. On these facts judgment was given for the plaintiff, conditioned upon his paying to the defendant $15,700 without interest, less $600 counsel fees and costs. The plaintiff appealed and the Supreme Court of the Territory gave the plaintiff an unconditional judgment, on the ground that

the defendant's conduct was voluntary, in pursuance of his fraudulent scheme, and that he had no claim as against Nugent to be relieved from the consequences of a collateral act. It was thought that the debt from Mrs. Heyl to Stoffela was a matter with which Nugent, in spite of his covenant to pay it, had no concern, the only question being the relative validity of the plaintiff's and defendant's titles. The defendant appealed to this court.

We are of opinion that the judgment appealed from was wrong, and that the judgment of the court of first instance should be affirmed. It is true that the defendant acted fraudulently and knew what he was about. But a man by committing a fraud does not become an outlaw and *caput lupinum*. *National Bank & Loan Co.* v. *Petrie*, 189 U. S. 423, 425. He may have no standing to rescind his transaction, but when it is rescinded by one who has the right to do so the courts will endeavor to do substantial justice so far as is consistent with adherence to law. See *Pullman's Palace Car Co.* v. *Central Transportation Co.*, 171 U. S. 138, 150. If Nugent is allowed to have the land free of all charge and the defendant's claim is extinguished, Nugent gets much more than he bargained for and the defendant is deprived of his equitable interest in Nugent's covenant to pay the mortgage debt (*Johns* v. *Wilson*, 180 U. S. 440), and is made to lose a large sum rightly due to him, not from any necessity of justice, but simply because he has acted badly and therefore any treatment is good enough for him. It is said that the discharge of the old mortgages was a collateral matter with which Nugent had no concern. If that were true, still justice might forbid Nugent to rely upon it. But it is not correct. The discharge and the new deeds, although different instruments, were parts of one transaction. Each was consideration for the other. As the plaintiff elects to do away with the consideration for the discharge, he must be taken to elect also to give up the discharge, or, to put it in another way, he must restore the defendant to the condition in which he stood before the re-

scinded deeds were made. The defendant's rights were cut down at least sufficiently by the trial court.

*Judgment reversed, with directions to affirm the judgment of the District Court.*