## MOTION PICTURE PATENTS CO. v. ECLAIR FILM CO.

(District Court, D. New Jersey. September 4, 1913.)

1. MONOPOLIES (§ 21*)—SUIT FOR INFRINGEMENT—DEFENSES.

An allegation in the answer in an infringement suit that the United States had instituted a suit for the dissolution of complainant corporation as an illegal monopoly states no ground of defense, since the fact alleged, if proved, would be irrelevant.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 51; Dec. Dig. § 21.*]

2. MONOPOLIES (§ 28*)—INJURY TO COMPETITORS—RIGHT TO RECOVER DAMAGES.

That a corporation is a monopoly, in violation of the Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]) and subject to dissolution at suit of the government, does not of itself give a right of action for unfair competition to any particular person, but, to sustain a claim for damages, specific injury must be proved.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 18; Dec. Dig. § 28.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 92*)—UNFAIR COMPETITION—ACTIONS— PLEADING.

Fraud is the basis of all actions of unfair competition, and, as that is never presumed, the facts relied on to show fraud must be pleaded and proved.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. § 92.*]

4. SET-OFF AND COUNTERCLAIM (§ 8*)—IN EQUITY.

A legal demand cannot be pleaded as a set-off or counterclaim in an equity suit, but under new equity rule 30 (201 Fed. v, 118 C. C. A. v) it must be a demand "which might be the subject of an independent suit in equity." ·

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 9–11; Dec. Dig. § 8.*]

In Equity. Suit by the Motion Picture Patents Company against the Société Française des Films et Cinematographes "Eclair," trading as the Eclair Film Company. On motion to strike out certain alleged defenses. Motion granted.

Melville Church, of Washington, D. C., and Louis Hicks, of New York City, for plaintiff.

Waldo G. Morse and John L. Lotsch, both of New York City, for defendant.

RELLSTAB, District Judge. [1]· The bill of complaint charges infringement of certain patents. The answer sets up as defenses inter alia that the plaintiff was a monopoly denounced by the Federal Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]), and that it was guilty of unfair competition in the use of such patents. It also interposed a counterclaim for damages sustained by reason of such premises. Of the paragraphs challenged, No. 55 alleges the institution by the United States of a suit against the plaintiff charging that it is a monopoly and combination inhibited by the Anti-Trust Act. It alleges further that the plaintiff is such a monopoly and that it is using the patents in suit in furtherance there-

of. Neither allegation is a defense. The one averring that such a suit is pending does not charge the existence of such monopoly but merely that such a charge is made by a plaintiff in another proceeding. The proving of the issue here tendered, viz., that some one else made such a charge, would be no more a defense to the charge of infringement herein laid against the defendant than that such charge would preclude defendant from disproving it. The further allegation that such a monopoly exists, as well as the allegations in paragraphs 56, 57, 58, 59, and 60, charging unfair competition, founded upon the existence of such monopoly and the use of such patents (assuming that these conditions are defenses available in a suit of this character), are couched in too general and indefinite terms to require answer. A separate bill of complaint thus framed would be dismissed on motion, under equity rule 29.

[2] That the plaintiff is guilty of an infraction of the Anti-Trust Act and in appropriate proceedings will be dissolved is not enough to constitute a case of unfair competition against a particular person. U. S. Fire Escape, etc., Co. v. Halsted Co. (D. C.) 195 Fed. 295; Fraser v. Duffey (D. C.) 196 Fed. 900, and cases cited. Specific injury suffered by the defendant different from that sustained by it as a member of the community is essential to its recovery of damages or to restrain further infringement upon its rights. Borden Ice Cream Co. v. Borden's Condensed Milk Co., 201 Fed. 510, 121 C. C. A. 200.

It is elementary that a plaintiff in equity must allege with particularity all material (ultimate) facts necessary to establish his right to the relief prayed, and an articulated array of generalities, no matter how well sounding, will not satisfy this requirement. Story's Eq. Pl. § 241; Shipman's Eq. Pl. p. 520; Wilson v. American Ice Co. (D. C.) 206 Fed. 736.

[3] Fraud is at the root of all actionable unfair competition; and, as no intendment is made in favor of fraud, the facts (but not the mere evidence thereof) upon which such a charge is predicated must be set forth distinctly and with as much particularity as the nature of the transactions involved and the circumstances in which they have their being or development are within complainant's knowledge or could have been ascertained by his employing such means as were at his command. That the pleader had no such idea of his duty in this case is manifest by a reading of the challenged paragraphs. The general charge of unfair competition against the defendant appears. However, this is but a mere conclusion of law. The allegations following pertain almost exclusively to a charge that the plaintiff is violating the Anti-Trust Act and, so far as they may be said to consist in facts, are framed for the purpose of supporting such a charge. The application of such allegations to the defendant is of the most general character. Paragraph 59 will suffice as illustrative of such lack of particularity:

"59. That complainant has under and pursuant to said agreements aforesaid (only one is specifically named and that with the plaintiff's assignor and other persons unnamed) employed the same wholly in, about, under, and in connection with said unlawful combination, agreement, and course of

business so in restraint of trade, and that by reason of said unfair competition and unlawful monopoly is wrongfully and unlawfully destroying the business of this defendant, and this defendant is being wrongfully deprived of a large amount of business, and by which the defendant has been and is being damaged in a great amount, the exact amount of such damage or damages so far inflicted is unknown to the defendant, but which, upon information and belief, it alleges is in excess of $50,000, and that the defendant is, by the said action of the said complainant herein, being wrongfully and unlawfully prevented from fairly competing with the complainant, and the public thereby greatly deceived, prejudiced, and damaged."

Surely if the defendant has such a cause of action as entitles it to redress against an unfair competitor, some overt act of the plaintiff, specifically directed against the defendant or its customers, or which injuriously affects the defendant's business reputation and good will specifically, must be known by it and be capable of precise averment. No such acts, however, are pleaded, and the conclusion is irresistible that the purpose of the pleading was not so much to outline the specific injury being perpetrated upon the defendant as a separate identity, as that which it in common with others in the same trade was suffering because of the plaintiff's violation of the Anti-Trust Law. For such injury and violence, only the United States, in the exercise of its governmental power and duty to protect the general public, may bring suit. Anti-Trust Act, § 4; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870. For such lack of definiteness and particularity such paragraph must be struck out.

[4] Paragraphs 61 and 62, the remaining ones attacked by this motion, and which are inserted by way of counterclaim, seeking treble damages under such Anti-Trust Act, are also subject to a like infirmity. These, however, are objectionable for a greater (because incurable) reason in that the defendant thereby seeks to set up in an equity suit a claim that can only be maintained in a suit at law. Only counter-claims "which might be the subject of an independent suit in equity" may be set up in an answer to an equity bill. New Eq. Rule 30 (201 Fed. v, 118 C. C. A. v).

The subject-matters of all of these paragraphs fall within the condemnation of Terry Steam Turbine Co. v. Sturtevant Co. (D. C.) 204 Fed. 103, and Williams Patent Crusher & Pulverizer Co. v. Kinsey Mfg. Co. (D. C.) 205 Fed. 375, but the later case of Vacuum Cleaner Co. v. American Rotary Valve Co., 208 Fed. 419, decided by the United States District Court for the Southern District of New York (memorandum filed May 2, 1913), holds that practices which amount to unfair competition may be interposed as a defense under such rule. In the present case a decision of this question for the reasons given is unnecessary.

All the recited paragraphs, as well as Nos. 28, 29, 30, 32, 34, 35, 36, 37, 45, 48, and 54, repeated by such answer in aid of these alleged defenses in so far as they are thus repeated and relied upon to support them, must be struck out. Prayers 5, 6, and 7, being based on such defenses, must also be struck out.

The motion is granted, with costs.