**56**   O'Connor Transp. Co., Inc., *v.* Glens Falls Ins. Co.

Fourth Department, December, 1922.                    [Vol. 204

O'Connor Transportation Company, Inc., Appellant, *v.* Glens Falls Insurance Company, Respondent.

Fourth Department, December 22, 1922.

Insurance — marine insurance — action to recover premium paid on policy — action commenced after expiration of policy — theory of action was that policy was void for breach of warranty by insured — insured not entitled to recover premium.

Where a policy of marine insurance has expired and there has been no loss and no question of the validity of the policy has arisen, the insured cannot recover the premium paid on the ground that the policy was at all times invalid because the insured had made a warranty therein which was not true.

Appeal by the plaintiff, O'Connor Transportation Company, Inc., from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 22d day of September, 1922, directing judgment for the defendant dismissing the first and second causes of action alleged in the complaint, and also from the judgment entered in said clerk's office on the same day pursuant to said order.

*Thomas C. Burke,* for the appellant.

*Swift, Gratwick & Potter* [*Parton Swift* of counsel], for the respondent.

Davis, J.:

This court by a decision made July 1, 1921, held that a certain policy of insurance issued by the defendant on a boat owned by the plaintiff was void, and the plaintiff could not recover for a loss it had sustained because certain warranties had been violated and breached by the assured. (*O'Connor Transportation Co., Inc.,* v. *Glens Falls Ins. Co.,* 198 App. Div. 136; affd., 233 N. Y. 659.)

The plaintiff has now brought an action to recover the premiums paid on certain policies of insurance issued on said boat, to wit, $40 premium paid in October, 1916, for a policy of $1,000 expiring October 31, 1917; $60 paid in November, 1917, on a policy of $1,500 expiring October 31, 1918, and $88 paid in October, 1918, for a policy of $2,000 expiring October 31, 1919.   It was on this latter policy that the plaintiff sought to recover the loss heretofore mentioned.   The complaint further sets forth as to each cause of action the warranties in question, and alleges that the policy never attached, the insurance failed, and that the defendant was never under any liability or ran any risk on said policy of insurance, and that the policy was void from the very beginning.   As to the third cause of action, it makes the further allegation that the plaintiff

O'Connor Transp. Co., Inc., *v.* Glens Falls Ins. Co.    **57**

App. Div. 56]        Fourth Department, December, 1922.

began the action above referred to and that the defendant interposed an answer to the effect that the policy was void because of a breach of warranty, and that the defense was sustained by the final judgment entered therein, dismissing the complaint.

The defendant, pursuant to the provisions of section 277 of the Civil Practice Act and rule 106 of the Rules of Civil Practice, moved for judgment dismissing the first and second causes of action on the ground that the complaint did not state facts sufficient to constitute a cause of action as to either. From the judgment in favor of the defendant the plaintiff has appealed.

The principle of law invoked by the appellant is that where the policy never attaches but is void *ab initio,* the premium must be returned because the contract is without consideration and the insurer ought not to retain the premium where no risk has been run.

There is authority for this general principle of law. (See Phillips Ins. [5th ed.] §§ 1819, 1844; Arnould Marine Ins. [9th ed.] §§ 1247, 1256; *Tyrie* v. *Fletcher,* 2 Cowp. 666; *Delavigne* v. *United Ins. Co.,* 1 Johns. Cas. 310.)

I think the circumstances under which the insured is entitled to a return of the premium paid without fraud on his part, may be stated generally as follows: (1) Where the risk has never attached, as where the policy has not been delivered (*Collier* v. *Bedell,* 39 Hun, 238); or in marine insurance where the policy is made to cover a future contingency, such as a voyage to a certain port, and the voyage was never commenced or undertaken and no risk run. (*Tyrie* v. *Fletcher, supra; Murray* v. *Columbian Insurance Co.,* 4 Johns. 443; *Steinback* v. *Rhinelander,* 3 Johns. Cas. 269.) (2) Where the policy is void for illegality and the parties are not in *pari delicto,* as when a statute forbids the issuance of policies on farm property by mutual companies and one has been issued in violation of the statute (*Ely* v. *Oakland Cir. Judge,* 162 Mich. 466); or where a policy has been issued on lottery tickets and the insured has violated no statute (*Mount* v. *Waite,* 7 Johns. 434). (3) Where the insured has been induced to take out a policy by false representations on the part of the insurer and the assured has rescinded. (26 C. J. 128.) (4) Where there were certain representations or warranties made by the insured or on his behalf, not in bad faith but not true in fact, or there were provisions in the policy unknown to insured, rendering the policy void, which defenses the insurer asserts to defeat a claim on the policy. (*Delavigne* v. *United Ins. Co., supra; Elbers* v. *United Ins. Co.,* 16 Johns. 128; *Waddington* v. *United Ins. Co.,* 17 id. 23; *Matter of Millers' & Manufacturers' Ins. Co.,* 106 N. W. Rep. 485; 4 L. R. A. [N. S.] 231, 242.)

*Waller* v. *Northern Assurance Co.* (64 Iowa, 101) is a case not falling within the foregoing classification, and is a positive and direct authority for the appellant here. The action was to recover for premiums on policies that had expired, and a subsequent policy had been declared void in an action where it was sought to recover on a loss and where its invalidity had been pleaded by the insured and had been adjudicated by the court, exactly as was done in the case of *O'Connor Transportation Co., Inc.,* v. *Glens Falls Ins. Co.* (*supra*). It was held that the plaintiff was entitled to recover because, without any fraud or deception practiced by him, the defendant had received money he had paid in good faith and he received nothing in return; and that it was not a case of voluntary payment for it was made with the expectation of receiving a consideration in return, which had wholly failed for the reason that the policy did not bind defendant. Many cases are cited in the opinion as authority for this doctrine. A considerable number of them I have heretofore cited. Some I have not been able to examine. None I have examined would I regard as decisive authority for the conclusion reached by that learned court. The cases relied on are largely those where the claim for a return of the premium was made in an action to recover for loss on the policy which turned out to be void, or in a subsequent action brought after the policy had been held void upon such defense interposed.

I think in this State the doctrine has not been extended beyond the limits I have heretofore stated. I gravely doubt that we should adopt the doctrine in *Waller* v. *Northern Assurance Co.* (*supra*). The principle in that case has not been followed in any jurisdiction so far as I can discover. Where the policy has expired and there has been no loss and no question of the validity of the policy has arisen, it seems to me that it would be against public policy and good morals to permit a recovery of the premium on the ground that the policy had at all times been invalid because the insured had made or taken advantage of a warranty therein which was not true. Such a doctrine would leave entirely uncertain the resources of any insurance company, because it could never know how many secret or latent infirmities were attached to its policies, nor how many premiums which it had received it was actually entitled to retain and count as assets. This uncertainty would exist not only while the policies were in force, but for at least six years after they had expired. An insurer must necessarily deal with conditions as they arise. It may or may not discover that a policy is void. If it makes such discovery the defect may be slight or technical or of such a nature that it may not deem it good policy to assert the invalidity but may prefer to pay the

loss. It may be so uncertain as to the facts or as to the law that it prefers to compromise rather than defend. Therefore, it cannot be said with any certainty that a risk has never attached and no risk has been run, where a policy has expired and no loss has occurred and no claim has been made. The policyholder may not, in any event, recover his premium if the transaction is tainted by his own fraud. The facts concerning his property and the warranties contained in the policy ordinarily are peculiarly within his own knowledge. And if his policy is void because of innocent representations, he may still have protection for the reasons I have stated, by a voluntary payment in whole or in part by the insurer.

The judgment and order should be affirmed, with ten dollars costs.

All concur.

Interlocutory judgment and order affirmed, with ten dollars costs and disbursements.