RADIO CORPORATION OF AMERICA et al.
v. UNITED RADIO & ELECTRIC
CORPORATION et al.

No. 1603.

District Court, D. New Jersey.

July 27, 1926.

Sheffield & Betts, John W. Griggs, and Gilman D. Blake, all of New York City, for the motion.

Everett & Rook, of Newark, N. J., and Thomas G. Haight, of Jersey City, N. J., opposed.

BODINE, District Judge.

The bill of complaint alleges the infringement of United States letters patent 1,341,006. The sole question on this motion is whether the counterclaim states facts sufficient to constitute a cause of action in equity. So far as pertinent, the answer alleges in the first paragraph that the Radio Corporation of America, the General Electric Company, and the Westinghouse Electric & Manufacturing Company, hereinafter called plaintiffs, have formed a combination and conspiracy to collectively acquire patents covering all devices used in every branch of the radio art; that they have acquired numerous patents, including the patent in suit; and charges that by assignments and licensing agreements the rights to certain devices have been allotted to some of the conspirators and refused to others, so that a monopoly in the manufacture and sale of such devices and apparatus throughout the United States has been created.

The Constitution, article 1, § 8, and section 4884 of the Revised Statutes (35 USCA § 40), secured to inventors for the term of seventeen years the exclusive right to make, use, and vend their invention. The exercise of a patent necessarily results in a monopoly. An owner of a patent has the right to sell it or to keep it; to manufacture the article himself, or to license others to manufacture it; to sell such article himself or to authorize others to sell it. Bement & Sons v. National Harrow Co., 186 U. S. 88, 22 S. Ct. 747, 46 L. Ed. 1058.

The plaintiffs were all pioneers in the manufacture of electrical apparatus of various sorts. To insure the greatest profit to themselves and the greater service to the public, they maintain scientific bureaus to advance the utility of their products.

They were all holders of patents covering radio apparatus of novelty and value at the time of the entry of the United States into the European War. In order to effectively advance the art for government purposes, their patents were pooled. The poolings and working agreements employed during a national emergency resulted in the license agree-

ments referred to in the cross-bill. Certainly, their patriotic action was not a conspiracy.

Paragraph 1, if it seeks to charge a conspiracy in restraint of trade, does not allege any material facts. The patentee has a right to sell or has a right not to sell his invention as he may elect. Federal Trade Commission v. Beech-Nut Packing Co., 257 U. S. 441, 42 S. Ct. 150, 66 L. Ed. 307, 19 A. L. R. 882. The paragraph ineffectively charges a monopoly. Motion Picture Patents Co. v. Eclair Film Co. (D. C.) 208 F. 416.

The reference made by counsel at the argument to the Clayton Act altering the rule in the Eclair Case (D. C.) 208 F. 416, seems inapplicable since it does not appear in the counterclaim that section 3 of the Clayton Act (15 USCA § 14) was violated.

The mere fact that these three corporations have acquired many patents can avail the defendant nothing. The public have no inherent right to use those articles in which the government has created a monopoly for the public good. The Paper Bag Patent Case, 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122.

Paragraph 2 of the counterclaim alleges that these plaintiffs have combined to prevent and are preventing the use of other apparatus than that manufactured and sold under their patent rights, by refusing to sell or grant manufacturing rights to those who manufacture, use, or sell competing apparatus and by bringing suits for infringement of their patents. The paragraph is filled with conclusions of the pleader.

Assuming that the conclusions of the pleader are facts, the patentee clearly had the right to restrict the license to manufacture and sell to those who do not deal in competing apparatus. See Westinghouse Electric & Mfg. Co. v. Diamond State Fibre Co. (D. C.) 268 F. 121. The Clayton Act does not invalidate such action. Curtis Pub. Co. v. Federal Trade Commission (C. C. A.) 270 F. 881.

Nowhere is it made clear just what the style of the cross-action or counterclaim is, nor does the defendant show a special damage suffered by it and not by the public generally. The counterclaim is not predicated upon any clear principle of law.

The motion will be granted.