CHRISTINA F. WALL, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

Second Department, December 22, 1933.

*Leonard M. Gardner*, for the appellant.

*Joseph W. Bryan*, for the respondent.

DAVIS, J. The plaintiff has recovered the amount of premiums paid by her on policies of life insurance with a " facility of payment " clause therein. The policies were taken out by a Mrs. Carri and allowed to lapse by non-payment of premiums. Plaintiff, as a friend of the insured, was then solicited by an agent to reinstate them by paying back premiums. After paying the premiums for about ten years she failed to pay further, and the policies again lapsed. She alleges that she was induced to pay the premiums by fraudulent representations of the agent.

The only claim of fraud is, in substance, that in the course of his solicitation the agent represented to plaintiff that she would collect the face of the policies if Mrs. Carri died. She says that she relied on this statement, although she had no present insurable interest in the life of the insured.

This representation, even if separated from the other statements concerning plaintiff's rights in the policies, was nothing more than the agent's interpretation of the legal effect of the policies. Nor was his conclusion necessarily erroneous, viewed in the light of subsequent events which were then anticipated. There was no loss, for the insured is still alive. No one in authority on behalf of the defendant has repudiated its obligation to plaintiff. In fact, it has in a measure recognized the validity of the policies in her hands by accepting the premiums with knowledge of the fact of plaintiff's relation with the insured; and it has paid dividends on the policy to her. The representation by the agent that payment would be made to her was coupled with a statement that the plaintiff was the only friend of the insured and might have to take care of her. Had there been loss and no other superior equities had intervened, it is likely that the plaintiff could have enforced payment and defendant would have been estopped from denying liability — at least if she had incurred expense in behalf of the insured. (*Shea* v. *United States Industrial Ins. Co.*, 23 App. Div. 53; *Matter of Arnott*, 148 Misc. 226.) In this type of policy a lack of original insurable interest is not always a defense. (*Foryciarz* v. *Prudential Ins. Co.*, 95 Misc. 306; affd., 177 App. Div. 952; *Zornow* v. *Prudential Ins. Co.*, 210 id. 339.)

Where the term of a policy has expired without loss or the policy has lapsed by non-payment of premiums, the right to recover premiums paid thereon is somewhat strictly limited. (*O'Connor Transp. Co., Inc.*, v. *Glens Falls Ins. Co.*, 204 App. Div. 56, 57.) Assuming that there were fraudulent representations in this case, the plaintiff did not rescind on that ground. She simply discontinued paying for the reason that payment had become too burdensome. As we have said, there had been no repudiation

of the contracts on the part of the defendant; and it had never been put to the test as to whether, in case of loss, it would pay the amounts of the policies to the plaintiff. There is no rescission, no admitted illegality and no established fraud. (See Joyce Ins. [2d ed.] vol. 3, § 1410-a.) The plaintiff had what appears to have been valid insurance during the term in which she was paying premiums and until by her voluntary act she permitted the policies to lapse. She has not brought herself within the rule by which recovery of premiums may be had. (*O'Connor Transp. Co., Inc., v. Glens Falls Ins. Co., supra*, p. 58.)

The judgment of the City Court of Yonkers should be reversed on the law, with costs, and the complaint dismissed, with costs.

LAZANSKY, P. J., YOUNG, HAGARTY and TOMPKINS, JJ., concur.

Judgment in the City Court of Yonkers reversed on the law, with costs, and complaint dismissed, with costs.