ALICE DUGGAN, Respondent, *v.* CHARLES H. PLATZ et al., Appellants, Impleaded with Another.

(Argued January 17, 1934; decided February 27, 1934.)

*Robert E. Whalen* for appellant. The judgment should have provided for adjustment of the equities between the parties. (*Allerton* v. *Allerton*, 50 N. Y. 670; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49; *Hay* v. *Hay*, 13 Hun, 315; *Kley* v. *Healy*, 149 N. Y. 346; *Marr* v. *Tumulty*, 256 N. Y. 15; *Grosch* v. *Kessler*, 256 N. Y. 477; *Howard* v. *City of Buffalo*, 211 N. Y. 241; *Zeiser* v. *Cohn*, 207 N. Y. 407; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Mott* v. *Oppenheimer*, 135 N. Y. 312; *Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471.) This is a case for an interlocutory judgment, to be followed by a final judgment. (*Hathaway* v. *Russell*, 7 Abb. N. C. 138; *Mundorff* v. *Mundorff*, 1 Hun, 41; *Ensign* v. *Nelson*, 49 Hun, 215; *N. Y. Bank Note Co.* v. *Hamilton Eng. Co.*, 56 App. Div. 488; *Kliger* v. *Rosenfeld*, 120 App. Div. 396; *Pierce* v. *McLaughlin R. E. Co.*, 121 App. Div. 501; *Moore* v. *Reinhardt*, 132 App. Div. 707; *Del Genovese* v. *Del Genovese*, 149 App. Div. 266.)

*Roscoe Irwin* for respondent. Appellants have no equities which should have been adjusted in the judgment herein. (*Unckles* v. *Colgate*, 148 N. Y. 529; *Rubin* v. *Yedlin*, 224 App. Div. 768; *Masson* v. *Bovet*, 1 Den. 69; *Hammond* v. *Pennock*, 61 N. Y. 145; *Guckenheimer* v. *Angevine*, 81 N. Y. 394; *Moore* v. *Mutual Reserve Fund Life Assn.*, 121 App. Div. 335; *Parton* v. *Metropolitan Life Ins. Co.*, 129 Misc. Rep. 493; 224 App. Div. 672.)

CROUCH, J. The action was brought to rescind the sale of certain shares of stock in the corporate defendant made by plaintiff to the individual defendants, and to compel the individual defendants to account to the plaintiff and to the corporate defendant for their acts and for all profits and income realized by them.

The transaction between the parties took place in 1919. This action was not commenced until 1930. It is based upon fraud. The individual parties were the only stockholders in the corporate defendant, which operated a retail book store in Albany, N. Y. The intermingled affairs of all the parties had been conducted with the utmost informality. From about 1922 no meeting of the stockholders or of the directors had been held. All the parties had had their living quarters on the upper floors of the building, owned by the corporation, on the first floor of which its business was carried on by them. The sole consideration for the transfer of the stock had been an agreement by the defendants which involved among other things the discontinuance of his own book business by the defendant Charles H. Platz, the transfer of his stock of books to the defendant corporation and the participation upon certain terms by both the individual defendants in the business of the corporation.

When, after the existence of such a relationship for eleven years, plaintiff elected to rescind the transfer and recover the stock, demanding at the same time an accounting to her and to the corporation, it was clear that many conflicting equities might require adjustment before plaintiff would be entitled to the relief for which she asked. It was not necessary for the defendants under such circumstances to ask affirmatively in their answer for such an adjustment. The plaintiff was equitably bound to do equity as a condition precedent to obtaining equitable relief. In molding its decree, the court has power and it is its duty to protect the equities of all parties. If the court sees fit to give affirmative relief to the defendants in a case like this, it will do so. (*Hubbard* v. *Tod*, 171 U. S. 474, 501; *Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 79.) The defendants, even though guilty of the fraud charged, were not outlaws. (*Stoffela* v. *Nugent*, 217 U. S. 499, 501.)

The case was sent to a referee to hear and determine

all issues of law and fact. The issues relating to the agreement and to the alleged fraud in its procurement were fully litigated. Since a decision for the defendants on the issue of fraud would substantially end the case, it was stipulated in open court that the referee should first determine that issue, leaving the other questions, including an accounting, open until his decision was announced. The decision was in favor of the plaintiff. It directed a judgment not only rescinding the transfer of stock but unqualifiedly ordering its retransfer to the plaintiff. The latter provision may have been inadvertent, since the report of the referee stated specifically that the matter of an accounting was held for future determination in accordance with the stipulation. It is quite likely that in the mind of the referee the accounting was to be the means by which the equities, if any, were to be determined and the terms of the retransfer fixed. However that may be, instead of an interlocutory judgment, with appropriate provisions for a completion of the litigation, plaintiff entered a judgment final in form, directing the unqualified retransfer of the stock and the recovery of full costs as taxed. A motion to correct the form of the judgment was denied. Upon appeals from both the judgment and the order, the Appellate Division affirmed by a divided court, " without prejudice, however, to any rights which appellants may have to an accounting from defendant company."

While the equities, if any, which the individual defendants may have are, for the most part, in form against the defendant corporation, they are so in form only. The corporation was used merely as an instrumentality in aid of what, both in form and in fact, was an agreement between the individual parties. The stock in question is upon some terms to be returned to the plaintiff. She will then be the owner of the entire capital stock outstanding. Under such circumstances, the corporation may be disregarded. Since it has been determined that

the individual defendants are trustees, *ex maleficio*, they are hardly in a position to bring an action for an accounting, as we understand the Appellate Division to suggest. (Cf. *Stoffela* v. *Nugent, supra.*) As the case now stands, the question of conflicting equities is undetermined and the defendants are left with what at best is a dubious remedy.

The judgment of the Appellate Division should be modified so as to modify the judgment entered on the report of the referee, by making it interlocutory in form; by striking out the provisions directing an unqualified retransfer of the stock and awarding costs; by directing an accounting to be had between the parties; and by providing for a delivery of the stock in question upon such terms as may be fixed by the final judgment; and as so modified affirmed, with costs to the appellants in this court and in the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not voting.

Judgment accordingly.