## BAVISOTTO v. UNITED STATES.
### No. 1369–A.

District Court, W. D. New York.
Feb. 10, 1937.

Edwin J. Carpenter, of Corning, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., for the United States.

KNIGHT, District Judge.

Motion is made herein to strike from the answer allegations of fraud and misrepresentation, upon the ground that the premiums upon the life insurance policy in question have not been returned nor tendered back to the plaintiff. The complaint alleges that on July 1, 1927, a lapsed war risk insurance policy issued to plaintiff in the amount of $10,000 was reinstated and converted to a five-year converted policy. A renewal of such policy was subsequently granted. It is alleged that the premiums were timely paid and that by reason of the total and permanent disability of the plaintiff the policy matured and became payable on December 16, 1932; and that a claim therefor was made to the Director of the Veterans Bureau and denied. Judgment for $690, the total monthly payments agreed to be paid by the terms of the policy, is asked.

The answer alleges that the plaintiff during his World War service was granted a war risk yearly renewable term insurance policy which lapsed for nonpayment of premiums on July 1, 1919; that on June 29, 1927, the plaintiff applied for reinstatement of such lapsed insurance and for the conversion thereof to a five-year converted insurance policy; and that on July 15, 1932, he applied for a renewal of said

converted policy of insurance for the further period of five years. The answer alleges that in the said applications for reinstatement and conversion plaintiff made certain statements concerning his condition of health and as to whether he had ever been treated by or consulted a physician; that such statements and representations were false and fraudulent; were known by the plaintiff at the time they were made to be such; and were made to induce the defendant to act thereon; that the defendant relied upon such representations in reinstating and converting the policy. These allegations are in the answer as separate defenses. Defendant asks judgment dismissing the complaint and for affirmative judgment declaring the policy of insurance null and void, that plaintiff be barred from any recovery, and that such policy be delivered to the defendant for cancellation.

The action came on for trial before Judge Harlan W. Rippey in January, 1935, and following the trial a motion by the defendant for a directed verdict was granted. Subsequently plaintiff moved for a new trial, and on December 13, 1935, an order was granted by Judge Rippey directing that premiums paid by the plaintiff aggregating $596.40 be returned and paid to the plaintiff on or before January 14, 1936, and that the plaintiff have judgment therefor, and further directing that in the event that such payment was not made that a new trial be granted.

The premiums were not returned and the suit was noticed for trial. This motion came on at the opening day of the trial term. The defendant then moved to strike from the answer the prayer for affirmative judgment to which reference has been made. This motion was granted without opposition. It is admitted that the premiums on the policy have not been returned nor tendered back. It is not alleged that they have been.

There is here for determination the question of whether allegations of fraud in an action at law on a contract of insurance must be stricken from an answer where there is no claim that the premiums paid upon the policy have been returned or tendered back. This is not a suit in which affirmative relief canceling the policy is demanded. Such would be a suit in equity. This is not an action to rescind a contract, nor does the defendant seek to rescind. In an action of that sort in equity ordinarily a plea of tender is necessary.

Corpus Juris 37, p. 602, § 386, states the rule: "Where by reason of fraud or other ground of forfeiture a policy is void from its inception, so that no risk has in fact been assumed, insured may be entitled in a proper action to recover the premiums which he has paid, or the retention of the premiums by the company may amount to a waiver of the forfeiture. But by the weight of authority and in the absence of statute, the company is not required to return or tender back the premiums received as a condition precedent to pleading such invalidity or forfeiture as a defense to an action on the policy, as where the defense is that the contract of insurance is void because obtained by fraud practiced on insurer. * * *" Under this section are cited a long line of cases in the state and federal courts sustaining this principle. These decisions appear as early as Schwartz v. United States, 21 Fed. Cas. p. 770, No. 12,505. That was a suit to recover premium, but the language of the opinion supports the text-writer in Corpus Juris.

In United States Life Ins. Co. v. Smith (C.C.A.) 92 F. 503, 508, the facts were quite comparable with those set up in the pleadings herein. The court said: "The objection that no defense going to the original invalidity of the contract can be made without tendering back any premium received remains to be considered. This is not a suit by the company for the cancellation of the policy, but is an action by the beneficiary, based upon it as a valid contract. The general rule is that, if a risk never attaches under a policy, the premium is not earned, and, if paid, may be recovered, unless the insured has been guilty of fraud. * * * But we know of no rule which prohibits the defense here made except upon condition of a previous tender of the premiums paid."

In Georgia Home Ins. Co. v. Rosenfield (C.C.A.) 95 F. 358, 364, an action on an insurance policy in which it was claimed by the company that the property was overinsured in violation of the provisions of the policy, the lower court instructed the jury that it was the duty of the insurance company to return the premiums received or offer to do so and failure to so return was fatal to the defense. Say the court on appeal, in part: "We are con-

sidering alone the effect of retaining the premium while denying liability. The suit is not one for the cancellation of the policy. The defendant stands simply upon the terms of the agreement, and denies that the plaintiff has brought himself within the obligation of the contract. * * * The action was, in substance, one of assumpsit. * * * It was error to instruct the jury that the mere fact that there had been no tender back of the premium received would operate to prevent the plaintiff in error from relying upon the fact of over-insurance existing at date of the policy." The court quotes with approval the opinion in Blaeser v. Milwaukee, etc., Ins. Co., 37 Wis. 31, 19 Am. Rep. 747, in which the trial court held "that, although there might be misrepresentations in the application, yet the company could not avail itself of them, in an action upon the policy, without first tendering back to the insured the amount of the premium paid." The Supreme Court reversed and in well-considered opinion laid down the principle that tender is not necessary and said "The position of the defendant in attempting to defeat the action on the ground that fraudulent representations were made in the application is essentially different from that held by a party who seeks to rescind a contract on the ground of fraud. The two cases are not to be confounded, as they seem to have been by the court below."

In Austin v. Mutual Reserve Fund Life Ass'n (C.C.) 132 F. 555, 559, the defense was that the insured was not in good health when the policy was delivered, and hence it was ineffective. The premiums were not returned, and the effect of the decision was that this was not necessary.

"The findings accompanying this opinion state that the premiums received by the defendant corporation have never been returned, and no offer has ever been made to return them. This, however, is not of consequence, because, under the settled rules of the law of insurance, if the policy was never in force, it, of course, never attached, and no action could be brought upon it whether the premiums were returned or not. The remedy for a return of the premiums, according to the same settled rules, would be by an action therefor."

In Kentucky Vermillion Mining & Concentrating Co. v. Norwich Union Fire Ins. Soc. (C.C.A.) 146 F. 695, 702, an action on a fire insurance policy, the court said: "The premium was paid by the insured upon the receipt of the policy. The failure to return it before this action was brought does not amount to a waiver of the right of defendant in error to forfeit the policy for a noncompliance of the insured with the positive terms of the policy. * * * 'A waiver cannot be inferred from the insurer's mere silence or nonaction. * * * It may wait until claim is made under the policy, and then allege the forfeiture in denial thereof, or in defense of a suit commenced therefor.' 16 Am. & Eng. Ency.L.(2d Ed.) 939."

In Home Ins. Co. v. Scott et al. (C.C.A.) 46 F.(2d) 10, 12, reversed 284 U.S. 177, 52 S.Ct. 72, 76 L.Ed. 229, but not on the point under consideration, actions were brought to recover upon a policy of fire insurance. The defense there made was that plaintiff had placed a chattel mortgage on the property in violation of the provisions of the policy. Say the court, in part: "nor did the defendants' failure to tender a return of the premiums that were paid on the policies operate to estop them from urging the effectiveness of the policy provisions."

In Lawson v. Twin City Fire Ins. Co. (D.C.) 2 F.Supp. 171, at page 174, in which the action was brought to recover upon a fire insurance policy and the provisions claimed to invalidate the policy were at issue, the court said: "Nor did the failure to return the premium constitute a waiver or estoppel." Citing Kentucky Vermillion Mining & Concentrating Co. v. Norwich Union F. Ins. Soc., supra, and Home Ins. Co. v. Scott, supra.

See, also, New York Life Ins. Co. v. McCarthy (C.C.A.) 22 F.(2d) 241; New York Life Ins. Co. v. Marshall (C.C.A.) 23 F.(2d) 225.

In Perry v. Metropolitan Life Ins. Co., 168 App.Div. 275, 153 N.Y.S. 459, 460 the question was as to the sufficiency of the defense of fraudulent representation without tender of premiums collected. The lower court granted judgment for plaintiff because of defendant's failure to tender back premiums. The Appellate Division reversed and used this language: "No obligation rested upon the defendant to place the plaintiff in statu quo before the defense, which the trial court found was meritorious, could be interposed. * * * In offering to prove misrepresentations, it

[defendant] assumed an attitude of simple defense against an unconscionable or unlawful claim, and if it could establish facts sufficient to support such a position it would be inequitable to hold it still liable because of its failure to put the wrongdoer in statu quo."

In Flynn v. Equitable Life Ins. Co., 78 N.Y. 568, 34 Am.Rep. 561, which was an action upon an insurance policy, the court said: "The plaintiffs must establish a cause of action upon the contract, if they fail to do this, they cannot recover, irrespective of the question whether they are entitled to a return of the premiums or not."

This is not a suit to recover premiums paid under some mistake of fact. A maxim of the law is that he who seeks equity must do equity, and hence were the defendant seeking to set aside the policy on account of some mistake in its issuance it would first have to tender back premiums paid. "'The court proceeds on the principle, that as the transaction ought never to have taken place, the parties are to be placed as far as possible in the situation in which they would have stood if there had never been any such transaction.' Neblett v. Macfarland, 92 U.S. 101, 103, 23 L.Ed. 471. And, while the perpetrator of the fraud has no standing to rescind, he is not regarded as an outlaw; and, if the transaction is rescinded by one who has the right to do so, 'the courts will endeavor to do substantial justice so far as is consistent with adherence to law.' Stoffela v. Nugent, 217 U.S. 499, 501, 30 S.Ct. 600, 601, 54 L. Ed. 856." Pan-American Petroleum & Transport Co. v. United States, 273 U.S. 456, 47 S.Ct. 416, 424, 71 L.Ed. 734. Substantial justice would not be served were the defendant required to pay back premiums on a policy procured by fraud such as alleged here. The distinction even in a suit in equity to set aside a contract for fraud is well stated in the last-mentioned case in this language: "But they [general principles in equity as stated hereinbefore] will not be applied to frustrate the purpose of its laws or to thwart public policy." There the court held that the government was not required to pay back expenses incurred by the defendants where the contract was made through fraud.

In Grubiak v. John Hancock Mutual Life Ins. Co., 208 App.Div. 714, 202 N.Y. S. 355, the facts of the case do not appear in the opinion. The court stated: "A false statement in an application attached to a policy of insurance, under the facts shown in this case, is not in and of itself a warranty, without proof that such false statement was fraudulently and willfully made, which is for the jury to determine where there is conflicting evidence." The opinion does further state: "No case of rescission was pleaded or made out by the defendant, in the absence of a tender or offer to restore the premium collected," and cited McClelland v. Mutual Life Ins. Co., 151 App.Div. 264, 135 N.Y.S. 735, 738. The opinion in the last-mentioned case was based mainly on the question of a waiver by the insurer. The trial court did hold that burden was on the plaintiff to show that he was in good health when the policy was issued. The Appellate Court held this was error. The defendant pleaded tender. While there is the statement in effect that the tender should have been proved as a defense, there was no defense of fraud, and, indeed, the court stated: "There was no concealment or misrepresentation as to the seriousness of the illness." If this case could be called an authority for the plaintiff's position, it is in conflict with the great weight of authority. O'Connor Transp. Co. v. Glens Falls Ins. Co., 204 App.Div. 56, 197 N.Y.S. 549, cited by plaintiff, is a direct authority against the plaintiff. That was a suit to recover premiums of fire insurance on the ground that the policy had never attached. The court points out clearly different circumstances under which a return of premiums might be directed where "paid without fraud" on the part of the insured, and, in discussing the question as to whether the policy did attach, said: "The policyholder may not, in any event, recover the premium if the transaction is tainted by his fraud." Certainly if plaintiff is not entitled to recover premiums paid, defendant need not tender such premiums. Corpus Juris p. 1237, § 411, cited by plaintiff, reads: "If insured is guilty of fraud in procuring the policy through misrepresentation or concealment, he cannot recover back the premiums paid." And here again we find Corpus Juris citing many cases as support for this rule. The O'Connor Case is cited under Corpus Juris p. 1237, § 412, which reads, in part: "If the policy is induced by fraud on the part of the company or its agent, insured may rescind the contract and recover back the premiums paid by him." This is undoubtedly the rule, but it has no application here.

It is to be noted that the defendant's prayer for relief has been changed since the order of Judge Rippey granting the new trial was made, and this question was not presented to him.

The motion must be denied.