■ RONALD TEPFER et al., Appellants, v EMANUEL J. BERGER

et al., Respondents.—In an action, *inter alia,* to set aside a deed conveying title to a certain parcel of real property, and to recover damages for fraud, conversion and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Kings County (Hirsch, J.), entered April 23, 1984, which, after a nonjury trial, *inter alia,* awarded the defendants the principal sum of $7,231.07.

Judgment modified, on the law, by deleting the sixth and eleventh decretal paragraphs thereof. As so modified, judgment affirmed, insofar as appealed from, with costs.

The defendants, who are brothers, fraudulently induced the plaintiffs (their nephew and brother-in-law) to execute a deed transferring all of the plaintiffs' right and title to certain real property to the defendants. The plaintiffs subsequently commenced the instant action in which they sought, *inter alia,* to have the purported conveyance declared a nullity. Following a nonjury trial, the court found that the transfer of title was accomplished by fraud and deception and, accordingly, it set aside the deed, rescinded the transfer and restored title to the plaintiffs, the rightful owners of the property.

By judgment entered April 23, 1984, the court, in addition to the foregoing relief, awarded the defendants the principal sum of $7,231.07, representing the moneys expended by the defendants toward the maintenance of the property while they purportedly held title thereto. Although the defendants never requested such relief, Trial Term nevertheless held that they were entitled to be compensated for their expenditures. We disagree.

"Where a litigant has himself been guilty of inequitable conduct with reference to the subject matter of the transaction in suit, a court of equity will refuse him affirmative aid" *(Levy v Braverman,* 24 AD2d 430). When equitable relief is sought, moral considerations of fundamental importance require that the litigant come into court with "clean hands" *(see, Pecorella v Greater Buffalo Press,* 107 AD2d 1064, 1065).

The moneys expended by the defendants toward the maintenance of the property were merely an outgrowth and necessary incident of their fraudulent scheme to permanently divest the plaintiffs of title to the property. While, generally, a person is entitled to specific restitution of property from another on the condition that he compensate the other for expenditures with reference to the subject matter, this rule is not without exceptions *(see, e.g., Guckenheimer v Angevine,* 81

NY 394). "In exacting the return of benefits as a condition of rescission [equity] proportions the exaction to the justice of the case before it" *(Marr v Tumulty,* 256 NY 15, 21). In the final analysis, fundamental principles of justice and fair dealing may prevent a party from obtaining restitution of any benefits conferred in the event of a rescission.

At bar, Trial Term specifically found, and it remains undisputed, that the defendants acquired title to the premises in question by fraud and deceit. The defendants would not have been required to expend any sums toward the maintenance of the property were it not for their fraudulent conduct. Trial Term thus erred in ordering the plaintiffs to reimburse the defendants for the sums which the defendants voluntarily expended, at their own peril, in furtherance of their scheme. "The law cares very little what a fraudulent party's loss may be, and exacts nothing for his sake. It certainly will not undertake to indemnify him for expenditures made in the prosecution of his fraudulent purpose" *(Duggan v Platz,* 238 App Div 197, 201, *mod on other grounds* 263 NY 505).

Accordingly, we conclude that the equitable intervention by Trial Term was not warranted under these circumstances, and that the plaintiffs should not have been held responsible for the reimbursement of any sums expended or losses occasioned due to the defendants' own wrongful conduct.

In view of this determination, we need not address the plaintiffs' remaining contention. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.