### AMERICAN SODA-FOUNTAIN CO. v. GREEN et al.

(Circuit Court, E. D. Pennsylvania. June 4, 1895.)

PATENT INFRINGEMENT SUITS — PLEADING — DEFENSES — COMBINATIONS AND MONOPOLIES.

In a suit for infringement of a patent relating to soda-water fountains, the answer alleged that complainant company was an illegal combination or trust, formed by a great number of manufacturers of soda-water apparatus for the purpose of monopolizing and controlling the business in soda-water apparatus, fixing the price thereof, and restraining and crushing out competition; that in furtherance of this purpose it had acquired a large number of patents, some of which were about to expire, and many of which covered unpatentable matter; and that in bringing the suit complainant sought to harass defendants, and destroy their business, because they refused to join in the combination. *Held*, that these allegations constituted no defense, and were irrelevant and immaterial, and must be stricken out as impertinent, on motion.

This was a bill by the American Soda-Fountain Company against Robert M. Green, Frank D. Green, and Robert M. Green, Jr., trading as Robert M. Green & Sons, for alleged infringement of certain letters patent relating to soda-water apparatus, granted to one Witting. The answer denied the infringement, set up some of the usual statutory defenses, and, in addition thereto, set up certain other matters, which complainant has challenged by exceptions. The paragraphs excepted to were as follows:

"(9) They allege that the American Soda-Fountain Company, the complainant herein, if it be an incorporated body, is formed by an illegal combination, in the form of a trust, of a great number of manufacturers of soda-water apparatus, who have incorporated said company, combination or trust, and combined and conspired together for the purpose of monopolizing or controlling the manufacture and sale of a staple and necessary article of manufacture, such as soda-water apparatus, within and through the United States, and for the purpose of fixing the prices at which such soda-water apparatus should be sold, and the purpose of limiting and restraining the production of soda-water apparatus, and for the purpose of restraining competition, and for the purpose of harrassing and destroying the business of the manufacturers of and dealers in soda-water apparatus not forming part of said company, combination, or trust; wherefore, those defendants allege that the complainant herein is a company, combination, or trust unlawful in its relation or organization,

and unlawful in its objects, purposes, and methods; and specifically charge the fact to be that said company, combination, or trust, is unlawful, in that it is formed and operated in restraint of trade, and that its objects and purposes are unlawful as against public policy.

"(10) And these defendants allege that the combination or trust formed under the name of the American Soda-Fountain Company, the complainant herein, has, in furtherance of its object of harassing and destroying the business and trade of its rivals, acquired a great number of letters patent of the United States, many of which are about to expire, and many of which cover unpatentable subject-matter, and has and does circulate and cause to be circulated among dealers in soda-water apparatus through the United States statements (not founded upon any adjudication of any court, but purely gratuitous, and, as these defendants allege, baseless) to the effect that soda-water apparatus manufactured and sold by those defendants is an infringement of patents owned by it, and threatening suit against purchasers and users of defendants' soda-water apparatus."

"(12) And those defendants further allege that the purpose of the complainant in bringing this suit against these defendants, under said patent, is to harass, suppress, and destroy the business of those defendants, for the reason that these defendants, having refused to become a part of the company or trust, carried on under the name of the American Soda-Fountain Company, are rivals of the said company."

The foregoing paragraphs were excepted to as impertinent, "because the same are wholly immaterial, irrelevant, and cannot be properly put in issue in the cause."

Joshua Pusey, for complainant.

The complainant alleges that it is a corporation, and is, of course, obliged to prove the fact at the very outset. The point of the matters excepted to is that the complainant company is a combination of a great number of manufacturers of soda-water apparatus, formed for the purpose of monopolizing the manufacture and sale of a staple and necessary article of manufacture, to wit, soda-water apparatus; wherefore the complainant company is unlawful in its creation or organization, and unlawful in its purposes, etc. Now, laying aside what would seem to be the absurdity of terming soda-water apparatus as a staple and necessary article of manufacture (a manufacture in which any citizen of the United States is at liberty to engage in open competition with the complainant), the legality of the charter or organization of the corporation cannot be questioned in a collateral proceeding, and certainly not by defendants in a suit for infringement of letters patent owned by the corporation. Be the public or private wrongs done by the complainant corporation what they may, they cannot here be the subject of inquiry. The sole questions to be determined by the court at the final hearing on the bill, the material parts of the answer and the proofs, are whether the complainant is a corporation, whether the patent was duly granted, whether the complainant has the sole title thereto, whether the patent is valid, and whether the defendants infringe the same. These questions, if determined in favor of the complainant, will entitle it to the usual decree for an injunction and an accounting. In principle this case is similar to that of Strait v. Harrow Co., 51 Fed. 819 (Wallace, J.), as also Edison Electric Light Co. v. Sawyer-Man Electric Co., 3 C. C. A. 605, 53 Fed. 598.

Defendants' counsel will probably refer in support of their position to Harrow Co. v. Quick, on page 608, 71 O. G. (issue of April 23, 1895), also reported in 67 Fed. 130 (issue of May 21, 1895). In the first place, the facts and defenses in that case were not the same as those alleged in the parts of the answer excepted to in the present cause. The Harrow Company was not organized for the manufacture and sale of the harrows under the patents assigned to it, nor had it ever engaged in their manufacture and sale; whereas, in clause 9 of the answer in this cause, it is alleged that the complainant is a combination of a great number of manufacturers of soda-water apparatus, etc., combined, etc., for the purpose of monopolizing the manufacture, etc. In the second place, although Judge Baker, in the cited case, said that

seemed to him that the court could not sustain the bill without giving aid to the unlawful combination or trust represented by the complainant, he goes on to remark that the question is not free from doubt, and then proceeds to decide the case in favor of the defendants on the ground that they did not infringe the patent. At most, that part of the opinion upon which the defendants here may rely is but a dictum, and a doubting one at that.

It is finally submitted that the defendants should not be permitted to lengthen and retard the cause, and increase the burden of and costs to the complainant, by taking their testimony touching the matters excepted to, and thus oblige the complainant to take testimony in rebuttal thereto; and that the exceptions should be sustained.

W. C. Strawbridge, for defendants.

The paragraphs excepted to do not fall within the accepted definition of impertinent matter. Woods v. Morrell, 1 Johns. Ch. 105; Daniell, Ch. Prac. p. 349. They are not "long recitals," or "long digressions of matter of fact," within the meaning of the above cases. They are comparatively brief paragraphs, setting forth succinctly certain matters of defense which may have a material bearing upon the decision of the cause. "It has been held that a short sentence, inserted out of abundant caution, will not be expunged as impertinent." Fost. Fed. Prac. p. 217. The said paragraphs, moreover, constituting, as they do, substantive defenses to the bill, are not the subject of exception, but fall within the ruling in Adams v. Iron Co., 6 Fed. 179. Where there appears to be any doubt as to the pertinence of an allegation, it should be allowed to stand. Chapman v. School Dist., Deady, 108, Fed. Cas. No. 2,607; Davis v. Cripps, 2 Younge & C. Ch. 443. A defense similar to that set forth in paragraph No. 9 of the answer was held a valid defense in Harrow Co. v. Quick, 67 Fed. 130. This matter having been held, in one court of competent jurisdiction, to constitute a valid defense, should not be expunged from the pleadings in another court, at the threshold of the litigation, as being a defense which can in no event become material.

DALLAS, Circuit Judge. I have considered the arguments submitted upon the plaintiff's exceptions to defendants' answer, but adhere to the view which I entertained upon the hearing, and for the reasons then indicated the exceptions are sustained.