### INDEPENDENT BAKING POWDER CO. v. BOORMAN.

(Circuit Court, D. New Jersey. February 29, 1904.)

1. EQUITY PLEADING—ANSWER—IMPERTINENCE.

In a suit to enjoin infringement of a trade-mark, allegations in the answer that complainant acquired and uses the trade-mark pursuant to a conspiracy with a manufacturer, which is not a party to the suit, for the purpose of destroying the competition of the article sold by defendant with the product of such manufacturer, in violation of the anti-trust law, are impertinent and irrelevant, and will be stricken out on exception.

In Equity. On exceptions to answer.

Archibald Cox, for complainant.
Philip Carpenter, for defendant.

GRAY, Circuit Judge. This is a suit in equity brought to restrain the alleged infringement of a trade-mark. It comes now before the court on exceptions filed by the complainant to certain portions of the answer of the defendant.

The bill of complaint alleges that the Independent Baking Powder Company, and its predecessors, have been continuously and uninterruptedly engaged in the manufacture and sale of a baking powder known as "Solar Baking Powder," for a period of not less than 17 years last past, and the facts which support the complainant's title are set out in detail. It is alleged that the baking powder was first put upon the market about the year 1895, by Sherman Bros. & Co., of Chicago, Ill., and that the word "Solar" was at that time selected and used by said firm in advance of all others, as a trade-mark and a trade-name; that said firm continued to manufacture and sell the said Solar Baking Powder, without interruption, until the year 1900, when it sold its business, together with its right to the trade-mark "Solar," to one Engler, who proceeded at once to incorporate the complainant company, by whom said Solar Baking Powder has been made and sold ever since. It is alleged that the complainant and its predecessors have

at all times, and from the first, enjoyed the exclusive right to the use of the said word "Solar," as a trade-mark and trade-name for baking powder, and that their right has been recognized and acquiesced in by the trade and public, without dissent. It is alleged that, by reason of the premises, and the priority of adoption, and the long and continued use of its said trade-mark, the complainant is the owner thereof and entitled to be protected in its exclusive use. The bill also avers that, "even if by proof to your orator unknown, it be made to appear that your orator is not entitled to the exclusive use of the word 'Solar,' as its trade-mark, the acts of the defendant hereinbefore recited" amount to unfair competition, which is alleged in the usual form.

The answer is voluminous. It traverses the allegation of title in the complainant to the trade-mark "Solar," denying and attacking the grounds upon which it claims an exclusive property right therein, alleges that its use was fraudulent, inconsiderable, infrequent and confined to only a portion of the United States, that its use was in connection with other marks for the same baking powder, that it was used upon a cheap and inferior product, detrimental to health and injurious to life, that it was used in connection with a label alleged to have been a fraudulent imitation of a label used upon Royal Baking Powder, and that its use was abandoned some time prior to the transfer to Engler, and for these reasons, that "Solar" was not a valid trade-mark, when used by Sherman Bros. & Co. in 1885. and thereafter. The answer also denies and attacks the validity of the transfer to Engler, and alleges that since the transfer, the character of the product has been altered by substituting phosphate for alum, as one of the ingredients, and in other respects has been deceptive and fraudulent. It also alleges that the title of the Solar Baking Powder Company (the manufacturer and real defendant back of the nominal defendant, who is a mere dealer) is legal and superior to that of the complainant, and was adopted and used in good faith by the predecessors of the Solar Baking Powder Company, to whom it was transferred in 1901. All the material allegations in complainant's bill are thus denied, and the answer, in its scope as above indicated, fully and at length presents to the court the issues upon which complainant's right to maintain its suit may be determined. The answer as thus outlined is not excepted to by complainant.

Defendant, however, has gone further, and in a number of paragraphs set out in full by the complainant, in its exceptions, has raised the issue, that complainant acquired the trade-mark "Solar," and has since used it, as the result of a conspiracy for the purpose of destroying the competition of the baking powder of the manufacturer, under whom the defendant claims, with the baking powder of the Royal Baking Powder Company. This conspiracy is alleged by the defendant to be unlawful and in violation of the Sherman act, as being in restraint of trade between the states, and tending to create an unlawful monopoly. The allegations of the answer to this effect are made at considerable length, and are the substance of ten paragraphs thereof. To these paragraphs the complainant has excepted, as being impertinent, irrelevant, immaterial and scandalous, and as containing no defense to complainant's allegations.

Undoubtedly, the issue with which the court will be concerned at the final hearing will be, whether or not the complainant has established, by long and continuous use by its predecessors and itself, a right to claim as its exclusive property the trade-mark "Solar." It would unjustifiably embarrass the consideration and determination of this issue, to introduce a question as to the motives controlling complainant in the use of its trade-mark, and in prosecuting those who infringe it. The grounds upon which a valid trade-mark may be acquired, and property therein asserted, could not be affected by showing a conspiracy between complainant and Royal Baking Powder Company, to destroy the competition of the real defendant, the Solar Baking Powder Company. As said by counsel for complainant, assuming that "Solar" is a valid trade-mark, and the property of the complainant, it is immaterial to investigate either the motives with which the property right is asserted, or the complainant's relations with the Royal Baking Powder Company, or the relations of that company with other manufacturers, and whether they are within the prohibitions of the Sherman act. It does not tend to foster monopoly to sustain the right, if one has acquired it, to the exclusive use of a trade-mark. The establishment of such a right does not restrain in any degree the manufacture or sale by others of the article or commodity to which the trade-mark is attached. It is simply the protection of property. By granting such protection, the law enables the public to exercise a free choice between two products, and compels competing products to be sold without deception as to their source of production and manufacture. The complainant in this case is not seeking to prevent the manufacture of baking powder by the defendant, but only to prevent him from using a mark or brand that would tend to induce purchasers to believe that defendant's article was really the manufacture and production of complainant. So far, then, as the portions of the answer excepted to merely raise the question, whether the Royal Baking Powder Company is not so related in interest to the complainant as to be the real party to the suit, they are improperly introduced. So far as the matter is material, it should have been introduced into the pleadings by a plea in abatement, which would have been determined by itself at the threshold of the case, without embarrassing the trial of the principal and material issues. So far as the portions of the answer excepted to charge a conspiracy between complainant and the Royal Baking Powder Company and others, if others there be, for the purpose of erecting a monopoly in restraint of trade between the states, and in alleged violation of the act of Congress, known as the "Sherman Act," the same are clearly impertinent and irrelevant. They throw no light upon the real issue, but, by the introduction of a collateral issue, tend to embarrass and confuse the consideration of the same. The introduction of such an issue calls upon this court to determine in its adjudication of certain property rights between complainant and defendant, the question, whether the complainant and one not a party to the suit have committed a misdemeanor, by violating the act of Congress referred to. This collateral determination, the court cannot undertake to make.

Guided by these general views, we proceed to examine the exceptions. The first exception is allowed as to the words "and pursuant to a fraudulent conspiracy with the Royal Baking Powder Company, a corporation organized under the laws of the state of New Jersey, and having its principal place of business in New York City," and as to the words "with the baking powders manufactured and sold by said Royal Baking Powder Company."

The eighth exception, which is to the allegations contained in paragraph No. 35, is disallowed, except as to the following language at the end of said paragraph, to wit: "That the complainant has been and is manufacturing and offering for sale its said baking powder, and committing the acts aforesaid solely in the interests of the said Royal Baking Powder Company, and for the purpose of destroying the competition of the said Solar Baking Powder Company and its predecessors with the baking powders of the said Royal Baking Powder Company," as to which language the exception is allowed.

The allegations contained in all the other paragraphs of the answer excepted to, are admitted by the defendant in his brief, to have been either by way of inducement to the charge of conspiracy to violate the Sherman act, or to have been allegations as to the real interests of the Royal Baking Powder in the subject-matter of this suit, or of acts done by its authority and contrivance in furtherance of the alleged conspiracy. The exceptions to these paragraphs, to wit, exceptions 2, 3, 4, 5, 6, 7, 9, 10, 11 and 12 are allowed.

It is to be observed, that the bill of complaint not only charges an infringement and violation of its property right in the trade-mark alleged to have been lawfully acquired and owned by it, but also charges unfair competition. The consideration of this charge involves a wider scope of inquiry than the one relating to the infringement of the trade-mark. It does not, it is true, permit a limitless range of inquiry, or the introduction of whatever matters may suggest themselves to the defendant, however remote their bearing may be upon the real issues of the case, and it does not justify the defendant in entering into the wide domain of impertinent and irrelevant matter, the character of which has been indicated by what has already been said. However, lest in striking out the paragraphs excepted to and disallowed, allegations pertinent to the real issues, but not easily separable from the impertinent parts of the said paragraphs and not elsewhere contained in the answer, may have been eliminated therefrom, leave is hereby given to the defendant, if he so desire, to supplement and amend his answer in these respects within the lines indicated in this opinion.