MOTION PICTURE PATENTS CO. v. LAEMMLE et al.

SAME v. PANTOGRAPH CO.

(Circuit Court, S. D. New York.   March 7, 1910.)

1. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—PREVIOUS ADJUDICATION.

Where the validity of a patent has been adjudicated by the Circuit Court of Appeals, and infringement is conceded, a preliminary injunction should issue against defendants, unless the court is convinced of the probability that, had the new evidence been before the Circuit Court of Appeals, its conclusion would have been different, or a claim by defendant that complainant is without title is sustained.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 488; Dec. Dig. § 297.*

Effect of prior adjudication as to validity of patent in Circuit Court of Appeals, see notes to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; Thomson, Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. MONOPOLIES (§ 21*)—COMBINATIONS IN RESTRAINT OF TRADE—DEFENSE TO SUIT FOR INFRINGEMENT OF PATENT.

That a complainant is itself, or is a member of, a combination in violation of the federal anti-trust statute, is not a defense available in an ac-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for the infringement of a patent, nor does it show a defect in complainant's title.

[Ed. Note.—For other cases. see Monopolies, Cent. Dig. § 15; Dec. Dig. § 21;* Patents, Cent. Dig. §§ 451, 489.]

In Equity. Suits by the Motion Picture Patents Company against Carl Laemmle and the Independent Moving Pictures Company of America and against the Pantograph Company, respectively. On motions for preliminary injunctions. Granted in part.

Richard N. Dyer, for complainant in first suit.
Philip Farnsworth, for complainant in second suit.
Emerson R. Newell, for defendants.

NOYES, Circuit Judge. The validity of the patent in suit has been adjudicated by the Circuit Court of Appeals for this circuit (Edison v. American Mutoscope & Biograph Co., 151 Fed. 767, 81 C. C. A. 391), and infringement on the part of the defendant corporations is conceded. Consequently a preliminary injunction should issue, unless this court is convinced (1) of the probability that, had the evidence of new disclosures and uses been before the Circuit Court of Appeals, its conclusion would have been different; or (2) that the complainant is without title to the patent.

The evidence concerning the Levison disclosure and the Greene patent or invention is, however, insufficient to convince me that, had it been introduced in the former case, a different conclusion would probably have been reached. I am also of the opinion that the charge, if established, that the complainant is itself, or is a member of, a combination in violation of the federal anti-trust statute, is not a defense available in an action for the infringement of a patent, and fails to show a defect in the complainant's title.

An injunction against the corporation defendants may therefore issue. The proof of personal infringement by the defendant Laemmle is, however, deemed insufficient to warrant the issuance of an injunction against him, and it is denied. But this action is without prejudice to the right of the complainant to renew its application, in case future acts of personal infringement are disclosed.

This case seems to be fully presented upon the affidavits, and it is assumed that the complainant will desire to appeal from this order to the court which, in view of its previous decision, can best pass upon the matter. Such an appeal being privileged, a speedy hearing can be obtained. I am inclined to suspend the issuance of the injunction until after the determination of the appeal, provided (1) the appeal is brought on for a hearing at the May session of the Circuit Court of Appeals; and (2) that the corporation defendants furnish an adequate bond to pay damages and account for profits during the pendency of the appeal, if it is unsuccessful. If the issuance of the injunction is not suspended pending appeal, a bond by the complainant to answer all damages occasioned by the issuance of the injunction would seem proper.

Counsel may present memoranda and affidavit upon these suggestions and the amount of bonds necessary for the protection of the respective interests.