.MOTION PICTURE PATENTS CO. v. ULLMAN et al.

(Circuit Court, S. D. New York. September 27, 1910.)

MONOPOLIES (§ 21*)—RIGHTS OF MEMBERS—SUIT FOR INFRINGEMENT—ALLEGA-
TION OF UNLAWFUL CONSPIRACY.

It is no defense to a suit for infringement of a patent that the complainant and third persons have entered into an illegal combination or conspiracy in restraint of trade; and such defense is not aided by an allegation in the answer that the suit is not brought in good faith to prevent infringement, but for the purpose of making such conspiracy effective.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 15; Dec. Dig. § 21.*]

In Equity. Suit by the Motion Picture Patents Company against Isaac W. Ullman, Sidney M. Ullman, Duff C. Law, William Paley,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the Film Import & Trading Company. On exception to answer. Exception sustained.

Richard N. Dyer and Leonard H. Dyer, for complainant.
Littlefield & Littlefield, for defendants.

HOLT, District Judge. I think the great weight of authority is to the effect that it is no defense to a suit for the infringement of a patent that the complainant and third parties have entered into a combination or conspiracy in restraint of trade, in violation of the Sherman anti-trust act (Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200]). Strait v. National Harrow Co. (C. C.) 51 Fed. 819; Otis Elevator Co. v. Geiger (C. C.) 107 Fed. 131; General Electric Co. v. Wise (C. C.) 119 Fed. 922; Independent Baking Powder Co. v. Boorman (C. C.) 130 Fed. 726; Motion Picture Patents Co. v. Laemmle (C. C.) 178 Fed. 104. Such a suit is not based on contract, but on tort, and, of course, the fact that a man has entered into some illegal contract does not authorize others to injure him with impunity.

The paragraph of the answer excepted to alleges that the suit is not brought in good faith to prevent infringement, but for the purpose of carrying out and making effective a contract, combination, and conspiracy between the complainant and the Eastman Kodak Company to monopolize the manufacture, sale, and use of moving pictures in violation of the Sherman act. But the bill is a simple bill for the infringement of a patent. Its purpose is apparent on its face. The mere assertion that it has some other purpose is not an allegation of fact, and is not admitted by the exception. If incidentally it effects some other result, that does not authorize infringement.

My conclusion is that the exception should be sustained.