## WEYMAN-BRUTON CO. v. OLD INDIAN SNUFF MILLS.

(District Court, S. D. New York. March 13, 1912.)

MONOPOLIES (§ 21*)—VALIDITY OF TRADE-MARK—TRANSFERS.

A defendant, convicted of having been engaged in an unlawful combination, may transfer a valid title to its trade-mark, especially where the decree authorizes an assignment to the transferee, the transferee may protect his rights as against an infringer.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 15; Dec. Dig. § 21.*]

In Equity. Suit by the Weyman-Bruton Company against the Old Indian Snuff Mills. On exceptions to supplemental answer. Sustained.

Wise & Lichtenstein, for complainant.

Charles Dushkind, for defendant.

COXE, Circuit Judge. The question presented by the exceptions to the supplemental answer is a simple one. Briefly stated, it is whether the American Snuff Company, which was one of the defendants in the action brought by the United States to dissolve the so-called "Tobacco Trust" lost its right to sell and assign its title to the trade-mark "Copenhagen," because of the decree dissolving that combination under the provisions of the anti-trust act.

If it did not lose the right to sell and dispose of its property the complainant has a valid title to the trade-mark as alleged in the bill. The trade-mark and all rights thereunder were duly transferred to the complainant. Not only was this transfer lawful, but it was specifically directed by the decree of the Circuit Court dated November 16, 1911, directing the dissolution of the unlawful combination. The decree contains the following:

"It is proposed that there be organized two new snuff companies, one to be called the George W. Helme Company, and the other Weyman-Bruton Company, and that American Snuff Company convey to these two companies respectively factories *with the brands manufactured in them* as follows." U. S. v. American Tobacco Co. (C. C.) 191 Fed. 420.

The object of that decree was not to destroy property but so to distribute it that its owners could no longer violate the provisions of the law. The name "Copenhagen" is, so far as now appears, perfectly valid as a trade-mark and the rights thereunder are of unquestioned value. The fact that its former owner was engaged in an unlawful combination does not invalidate its trade-mark or render its use unlawful in the hands of a bona fide owner engaged in a legitimate business.

It is unnecessary to comment upon the authorities as they are unanimous upon the proposition that the owner of a patent or a trade-mark can protect his property and enforce his rights against a trespasser and an infringer, even though he may be engaged in business which is in restraint of trade. Strait v. National Harrow Co. (C. C.) 51 Fed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

819, Bonsack Mach. Co. v. Smith (C. C.) 70 Fed. 383; Camors v. Mc-Connell (C. C.) 140 Fed. 412; Brown Saddle Co. v. Troxel (C. C.) 98 Fed. 620; General Electric Co. v. Re-New Lamp Co. (C. C.) 128 Fed. 154.

The counsel for the defendant frankly admits that "the weight of authority seems to uphold the views of our adversaries" and he cites no authority in support of his contention. The fact that the Snuff Company has been "convicted" of having violated the law does not distinguish this case from those cited above. However, it is a sufficient answer to this contention that the same court which convicted the Snuff Company authorized the assignment by it to the complainant of the trade-mark in question.

· The exceptions are sustained.