## SHAMROCK MFG. CO. v. RADIO CORPORATION OF AMERICA et al.

Circuit Court of Appeals, Third Circuit. January 23, 1930.

No. 4027.

Newton A. Burgess and Gifford & Scull, all of New York City (George F. Scull, of New York City, of counsel), for appellant.

Stephen H. Philbin and Fish, Richardson & Neave, all of New York City, for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the plaintiffs moved for a preliminary injunction and the defendant to dismiss plaintiff's bill on the ground of alleged misjoinder of causes of action and of parties plaintiff. On hearing the court denied defendant's motion to dismiss, and granted plaintiff's to enjoin. The opinion of the court below denying the defendant's motion to dismiss is printed in full in the margin.[1]

[1] Runyon, District Judge. This is a suit for patent infringement, and, as above indicated, two motions are before the court; the defendant's motion being based upon an alleged misjoinder of causes of action and of parties plaintiff. It is this motion of defendant which will be considered at this time.

Three of the patents in question, Alexanderson, Hull, and White, are owned by the plaintiff, General Electric Company, while the plaintiff American Telephone & Telegraph Company owns two others, viz., the Mathes and Lowenstein patents. In each instance the other plaintiffs are licensed thereunder.

It is defendant's contention that the causes of action are improperly joined within the meaning of equity rule 26, which is as follows:

"The plaintiff may join in one bill as many causes of action cognizable in equity as he may have against the defendant. But when there are more than one plaintiff, the causes of action must be joint and if there be more than one defendant the liability must be asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appears that any such causes of action cannot be conveniently disposed of together, the court may order separate trials."

In order to determine the applicability of said rule to the present situation, if indeed it does apply, a word of explanation, defining the relationship of the various parties plaintiff, is in order.

The Radio Corporation of America is a licensee under the patents, authorized to sell for broadcast reception, and its license, with the exception of a limited license to the plaintiff American Telephone & Telegraph Company, is exclusive, and provides that the owners of the patents can license no others in the Radio Corporation's field of activity, without its consent.

The Westinghouse Electric & Manufacturing Company and the General Electric Company hold licenses to manufacture under the patents in suit, as does the telephone company under a limited license. Each of said parties plaintiff, telephone company, Westinghouse Company, and General Electric Company, is licensed under the patents in suit in its own field, and, having the right to exclude all others from obtaining a competing license, can forbid the issuance of any such.

It is thus to be seen that every one of the parties plaintiff has a vital interest in the various patents in suit, although in no instance is there a wholly exclusive holding through the medium of any license.

Under such circumstances, the query is as to whether or not the action of the plaintiffs in effecting a joinder for the purposes of the present suit has for its warrant the authority of equity rule 26, hereinabove set forth.

It has been argued that the latter phrase of the second sentence of said rule 26, consist-

We are in entire accord therewith, and adopt it as sufficiently stating the views of this court. The defendant admits that, if "the motion to dismiss was correctly decided, the preliminary injunction was properly granted on plaintiffs' showing."

Accordingly the order granting the injunction is affirmed.

---

ing of the words, "or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice," establishes a procedure involving defendants only and is not applicable to a joinder by plaintiffs of their causes of action.

In my opinion, the wording of the rule does not compel that conclusion, nor would the interpretation argued for fully accomplish one of the very evident intents of the rule, viz., "to promote the convenient administration of justice." Thus the union of several suits, each in essence being directed against an alleged offending defendant, and whose practices and products in certain specific lines are charged to affect the various plaintiffs materially, if not identically, appears to me as the fulfillment of one of the situations contemplated and provided for in the quoted phrase of rule 26, and is warranted by the language of the rule which, as I read the phrase in question in connection with the entire context applies with equal force to plaintiffs and defendants.

This view is expressed more fully in the case of International Organization v. Red Jacket C. C. & C. Co. (C. C. A.) 18 F.(2d) 839, 848, as follows:

"It is earnestly contended by defendants, however, that the portion of the rule which we have italicized applies only to the uniting of causes against defendants where there are more than one defendant, and has no application to cases where there are more than one plaintiff, and that in the case of plaintiffs the rule requires that the causes of action joined must be joint. We cannot accept this interpretation.

"The purpose of the equity rules was to liberalize and not restrict the practice in equity, and it certainly could not have been intended to forbid joinder in cases where, although the causes of action were not joint, the convenient administration of justice would be promoted and where for years the propriety of such joinder to prevent a multiplicity of suits had been recognized.

"The clause 'or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice' must, we think, be construed as alternative to the specific provision allowing joinder in the case of more than one plaintiff, as well as to the specific provision allowing joinder in the case of more than one defendant. Rule 26 is not to be construed as prohibitive of anything which was permissible before its adoption."

■ If, in the opinion of defendant, it appears that the various actions cannot be conveniently disposed of together, the remedy, as I view it, lies in a motion for separate trials, coupled with a convincing showing of the reasons therefor. But until that is done in the instant case the various plaintiffs appear to me to stand largely upon common ground with many of the allegations of fact and much of the required proof applicable to and common with them all. The patents in question, which are alleged to be infringed by defendant's radio receivers, relate to certain radio apparatus, while radio reception, with its attendant principles and technical characteristics, will enter into a consideration of each patent.

In view of the foregoing, I believe the plaintiffs have taken proper advantage of the terms of rule 26.

■ Regarding the motion to dismiss the complaint on the ground of misjoinder of parties plaintiff, equity rule 37 provides that all those parties may unite in a bill of complaint who have "an interest in the subject of the action and in obtaining the relief demanded."

In the instant case, the subject-matter of the action is the alleged infringement of certain patents, and in this situation all the plaintiffs, either as owners or licensees, have an interest. With equal truth it may be said that all said parties are interested in obtaining the relief demanded in the event of their successful prosecution of their suit, which is the protection of the court against infringements and an accounting of past infringements.

Nonprejudice of litigants' rights must outweigh in importance and desirability any inconvenience which an extraordinary volume of litigation may impose upon a court, but if, without prejudice to such rights, several actions may be joined and multifarious litigation be thus minimized a triple advantage would seem to be the fruitage of such disposition: An advantage, first, to the litigants themselves in the saving of time, and expense, secondly, to the court in a larger reduction in the list of pending cases, and, thirdly, to waiting litigants in other cases whose day in court can thus come the more speedily.

The present joinder of parties and causes appears to me to effect a situation embodying the advantages above outlined, and, without prejudice to the defendant's rights, and for these reasons, the defendant's motion to dismiss, both for misjoinder of causes of action and of parties plaintiff, is denied.

As a result of this conclusion, it necessarily follows that, in my opinion, the application of plaintiffs for a preliminary injunction is well founded and must be granted.