**WESTERN ELECTRIC CO., Inc., et al. v. WALLERSTEIN.**

District Court, W. D. New York.

Aug. 21, 1930.

Fish, Richardson & Neave, of New York City (Henry R. Ashton, of New York City, of counsel), for plaintiffs.

Kenyon & Kenyon, of New York City (Theodore S. Kenyon, of New York City, of counsel), for defendant.

HAZEL, District Judge.

This motion to strike out various paragraphs of the answer, to wit, sections 29 (a), 29 (b), 29 (c), 29 (d), 29 (e), and 29 (f), on the general ground that they do not constitute a defense to the bill of complaint wherein infringement by defendant of eight United States patents is alleged—all relating to broadcast receivers and apparatus for sound motion picture recording and reproducing. The first three sections of the answer to which objection is made relate to misjoinder of parties plaintiff appearing on the face of the bill, and the last three sections to the agreement of May 7, 1929, by which the patents in issue were licensed to the Western Electric Company and Electric Research Products, and which is claimed to constitute a violation of the anti-trust laws and a combination in restraint of trade. All the patents in issue are owned by the plaintiff American Telephone & Telegraph Company, and by the agreement an exclusive license was executed and delivered to the coplaintiffs to use the inventions in a specified field, and certain rights were conveyed to sue and recover profits and damages for infringements within the licensed field of use.

At the time this action was brought, there was pending in the Southern District of New York a suit by the same plaintiffs upon the identical patents against the Pacent Reproducer Corporation et al., and a motion made to dismiss the bill for misjoinder of parties plaintiff. The motion was granted and plaintiffs appealed. The Circuit Court of Appeals, in construing the agreement of May 7, 1929, ruled that it was an exclusive license containing a covenant by the owner of the patents not to license others in the same field, and such exclusive licensees were rightly joined with the legal owner of the patents as parties plaintiff. 42 F.(2d) 116.

Concededly the specified agreement does not constitute an assignment of any of the patents. It does not transfer any part of the legal title in any, and manifestly the rights of the licensees do not spring from acquired ownership. At the time the appeal was taken, dismissing the bill in the Southern District, the parties stipulated that if the order was reversed or modified by the Circuit Court of Appeals, a corresponding order having the same force and effect might be entered in this

action; and, following the decision reversing the District Court, an order denying dismissal was also entered herein. That that decision is controlling upon this court, wherein the same questions are involved, is beyond dispute. But defendant, admitting that substantially the same questions were presented in the Circuit Court of Appeals, says that he should not be barred from asserting in his answer the grounds upon which the motion to dismiss was based, especially as he has not been fully heard on the questions raised; and also that plaintiffs' motion to strike cannot prevail, since the issue raised should be saved for disposition by final decree. In my opinion there is no merit in these contentions, for under Equity Rule 29 (28 USCA § 723), defendant·has the right to raise the defense of misjoinder and insufficiency of facts to constitute a valid cause of action in equity, either by motion to dismiss or in his answer. Having elected to move to dismiss before answer, he is bound by the decision of the appellate tribunal as to its complete effect, subject, however, to review by the Supreme Court; and it is wholly unnecessary, in view of the stipulation, to again litigate the same issue, even though new matter were alleged. Krouse v. Brevard Tannin Co. (C. C. A.) 249 F. 538, and see Conway v. White (C. C. A.) 292 F. 837.

 As to paragraphs 29 (d) to 29 (f), defendant contends that the right of the exclusive licensees depends upon an illegal contract; and by way of conclusion the answer avers that the agreement is part of a system between plaintiffs and others in the unlawful combination to divide into separate fields the businesses of dealing in electric wave and amplifying devices, and allotting the interstate commerce in the separate fields to the exclusion of others not parties to the agreement or combination, and who are engaged in like businesses, thereby tending to establish and maintain a monopoly.

In passing it may be remarked that insufficient facts are set forth to support the conclusion of invalidity either of the exclusive licenses or of any wrongful purpose in their execution. As said by Judge Rellstab in Motion Picture Patents Co. v. Eclair Film Co. (D. C.) 208 F. 416, 417:

"It is elementary that a plaintiff in equity must allege with particularity all material (ultimate) facts necessary to establish his right to the relief prayed, and an articulated array of generalities, no matter how well sounding, will not satisfy this requirement."

The action is clearly for infringement of patent rights, and many decisions cited in plaintiffs' brief are unanimous in holding that violations of the anti-trust laws in a patent suit for infringement are not a proper defense. And this is so, even though the exclusive licensees acquire limited rights from the owner under their agreement as to localities, pursuant to a preconceived plan to restrain trade by granting licenses in different fields or territories; for a defendant, who is an infringer, cannot shield himself from liability on any such ground. It is no ground for denying relief, as Chief Justice Taft said, long before he became Chief Justice, in Brown Saddle Co. v. Troxel (C. C.) 98 F. 620, for continued trespasses by a third person upon the property of the plaintiff. Counsel for defendant concedes the force and effect of these decisions (for example, see Strait et al. v. National Harrow Co. [C. C.] 51 F. 819), but asserts that the involved question is radically different, inasmuch as in those adjudications the answer pleading unlawful restraint was interposed against the owner of the patent and not against the licensees who had obtained their licenses through an illegal contract by virtue of which they became parties plaintiff. •

 I am not in accord with this view. The question plainly, as I see it, is not on contract, or for enforcement of any provision therein, as was the case of Dr. Miles Medical Co. v. Park & Sons, 220 U. S. 373, 31 S. Ct. 376, 55 L. Ed. 502; and as that case was construed by the Circuit Court of Appeals, Sixth Circuit, in Coca-Cola Co. v. Gay-Ola Co., 200 F. 720. The Western and Products Companies (so called for short) were necessary parties against the defendant, an alleged infringer of the patents in issue, and in the enforcement of the specific rights acquired by them. See Cimiotti Unhairing Co. v. American Fur Refining Co. (C. C.) 120 F. 672, wherein the court held, in a case where the licensee was joined with the owner of the patent and wrongful combination in restraint of trade was alleged by the defendant, that the action was not to enforce the agreement or contract right, but simply to restrain infringement. This principle also finds support in Bonsack Machine Co. et al. v. Smith (C. C.) 70 F. 383. And in Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357, cited by defendant, the action was brought by an exclusive licensee for infringement to protect his rights, and Chief Justice Taft, writing the opinion for the Su-

270

preme Court, said that without joining the patent owner as plaintiff, the suit would not arise under the patent laws and would be based merely on contract rights. In that case, as here, the owner of the patent was joined as coplaintiff, and such being the fact, the rights of a licensee against an infringer are entitled to protection under the patent laws. Indeed, in the Coca-Cola Case, heretofore cited, the court said that a complainant's participation in a violation of the Sherman Act (15 USCA § 1 et seq.) does not destroy his right to protection on trade rights, citing Brown Saddle Co. v. Troxel, supra, and other cases.

It is next urged that the legal title of the patent remained in the owner, and that the instrument of May 7, 1929, did not amount to an assignment under the doctrine of Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923. But, the Circuit Court of Appeals in the Pacent Case defined the agreement, as heretofore stated, as an exclusive license and not an assignment, and that the licensees in question were proper parties plaintiff, and therefore I need go no further. It follows that the allegations contained in the answer in paragraph 29, including subsections (e) to (f), to which objection is urged, must be stricken out. So ordered.