## TRICO PRODUCTS CORPORATION v. E. A. LABORATORIES, Inc.
### No. 5411.

District Court, E. D. New York.
April 24, 1931.

George T. Bean, of New York City, for plaintiff.

Duell, Dunn & Anderson, of New York City, for defendant.

BYERS, District Judge.

This is a motion by the plaintiff in a patent cause to strike paragraphs 3 to 8, inclu-

sive, of the answer; said paragraphs being captioned "As a Counterclaim and Defense."

Upon the hearing, the defendant consented that paragraph 8 be stricken, and that so much of the motion as was directed to the description of these several paragraphs as a counterclaim was consented to. It remains, therefore, to consider whether the motion should be granted as to paragraphs 3 to 7, inclusive, as a defense.

The bill of complaint is in conventional form and, in addition to formal allegations from which it appears that both the plaintiff and the defendant are New York corporations, the granting of letters patent of the United States Nos. 1,434,655, 1,391,887 and 1,434,657, to Walter A. Garratt, and the assignment thereof through a third person to the plaintiff, are pleaded; these averments are followed by suitable allegations describing the plaintiff's business, and the manufacture and sale by it of devices covered by the said patents, and alleged infringement of these patents by the defendant; the prayer for relief is for the conventional relief in a patent cause where infringement is asserted.

The answer, which is called "Answer and Counterclaim," admits the allegations which refer to the incorporation of both parties, and the fact that their respective places of business are in the state of New York. There being no diversity of citizenship, it is obvious that the matters pleaded as a counterclaim could not be permitted to stand as such, which probably accounts for the concession at the hearing as to so much of the motion.

The matters comprehended in paragraphs 3 to 8, inclusive, set forth, upon information and belief, that the plaintiff has brought this action in bad faith, for the purpose of giving the appearance of judicial sanction to the campaign which the plaintiff has instituted to ruin the defendant's business through the medium of slandering (sic) defendant's competing product, harassing and deceiving the trade and the public, and trying this case out of court, to the defendant's alleged damage of $25,000; that the plaintiff brought this suit with full knowledge that the patents are devoid of any practical or commercial utility, and that the defendant has not infringed upon said patents; that the patents were offered for sale during the year 1927 for a nominal consideration to this defendant, who declined to purchase them, and that they were acquired by the plaintiff solely for the inequitable purpose for which they are now being used against the defendant, and that, prior to the said purchase, the plaintiff knew that the defendant was developing for manufacture and sale the devices complained of in competition with the similar product which the plaintiff was also developing; and that the defendant has been engaged in this district in the manufacture of such devices, which have been and are of high quality, and have met with general favor, and the defendant enjoys a high reputation and has established a profitable business; that, pursuant to the unlawful intent which the defendant attributes to the plaintiff, the latter has instructed and permitted its salesmen and agents to notify defendant's customers of the institution of this suit, and that the devices manufactured by the defendant are an infringement upon plaintiff's said patents, and that such customers should not purchase the defendant's product because they would be liable to suffer confiscation thereof by the plaintiff, and that infringement of the patents in suit would result, and that the plaintiff enjoys a monopoly of the business involved; that the public and defendant's customers have been intimidated, and have canceled contracts, or have refused to make contracts of purchase, as the result of these things, and that, by reason of the premises, the plaintiff has entered this court of equity with unclean hands. In paragraph 8, the defendant prays for an injunction pendente lite, and for an accounting by reason of the said unlawful acts of the plaintiff.

As stated, the said paragraph 8 has been stricken on consent.

The sole question remaining on this motion is as to the sufficiency of the allegations contained in paragraphs 3 to 7, inclusive, as matters of defense. It will be seen that none of the allegations referred to, if established by proof, would affect the question of ownership, patentability or infringement. If such allegations were so to be sustained, it is conceivable that they might affect the plaintiff's remedy, but not the issues tendered by the bill.

The reasoning which would hold these allegations to have been improperly pleaded as a defense is parallel to that found in the case of General Electric Co. v. Minneapolis Electric Lamp Co. (D. C.) 10 F.(2d) 851, at page 854. In granting motions to strike certain paragraphs of an answer interposed in a patent cause, the court used the following language:

"At the hearing on the motion for preliminary injunction a motion was also made by plaintiff to strike out divisions III, V,

VI, and VIII of defendant's answer. The ground alleged for the motion is that the facts set forth in said divisions, respectively, do not constitute a defense to the complaint, and that the facts set forth in division VIII do not constitute a counterclaim cognizable in equity.

"These divisions of the answer set up, in substance, that plaintiff has been guilty of violating the Anti-Trust Laws of the United States (Comp. St. § 8820 et seq. [15 USCA § 1 et seq.]); that it is engaged in a conspiracy to monopolize the entire business of the manufacture and sale of electric lamps; that as a part of said conspiracy it has engaged in efforts to destroy defendant's business by refusing to sell lamps to defendant, and by canceling a contract once existing between them.

"It is well settled that the mere fact that a party may be guilty of violating the Anti-Trust Laws will not deprive him of his right to maintain a suit for injunction on account of infringement of a patent owned by him. Brown Saddle Co. v. Troxel (C. C.) 98 F. 620; Virtue v. Creamery Package Mfg. Co., 179 F. 115, 102 C. C. A. 413.

"The maxim, 'He who comes into equity must come with clean hands,' applies only to cases where the unconscionable conduct of the plaintiff is directly connected with the subject-matter of the suit. The maxim does not mean that the general conduct of a plaintiff must have been above reproach, nor even that the plaintiff's conduct towards the defendant as to other matters must have been fair and equitable. Langley v. Devlin, 95 Wash. 171, 163 P. 395, 4 A. L. R. 32, note, 44, 65; Talbot v. Independent Order of Owls, 220 F. 660, 136 C. C. A. 268; Bentley .v. Tibbals, 223 F. 247, 138 C. C. A. 489; Trice v. Comstock, 121 F. 620, 628, 57 C. C. A. 646, 61 L. R. A. 176; American Sugar Refining Co. v. McFarland (D. C.) 229 F. 284."

It is believed that the foregoing points to the necessary decision herein to be made.

The cases cited by the defendant are not to the contrary effect.

In Panay Horizontal Show Jar Co. v. Aridor Co. (C. C. A.) 292 F. 858, the patent was adjudged to be invalid, and the facts concerning the plaintiff's conduct therein portrayed are not shown to be similar to the matters pleaded in this answer.

In Gerosa et al. v. Apco Mfg. Co. (C. C. A.) 299 F. 19, appropriate relief was given to a defendant, where plaintiff's patent was held to be invalid, and plaintiff had circular-ized consent decrees under a false guise, and otherwise improperly characterized the defendant, but the relief was granted as incident to a counterclaim, and there is none in this case, nor could there be for jurisdictional reasons.

Motion granted.