**RADIO CORPORATION OF AMERICA et al. v. DUOVAC RADIO TUBE CORPORATION** (two cases).

Nos. E–5231, E–5233.

District Court, E. D. New York.

June 17, 1931.

Stephen H. Philbin and J. V. Groner, both of New York City, for plaintiffs.

Roosevelt & O'Connor, of New York City (Basil O'Connor and Clyde A. Norton, both of New York City, and Joseph Z. Willner, of Chicago, Ill., of counsel), for defendants.

CAMPBELL, District Judge.

These are two motions made by the plaintiffs that paragraphs 9, 10, 11, and 12 of the answer filed in the first above-entitled action, and paragraphs 5, 6, 7, and 8 of the answer filed in the second above-entitled action, be stricken from the record on the ground that said paragraphs are irrelevant and immaterial.

These are suits in equity for patent infringement.

In the first above-entitled suit, General Electric Company, plaintiff, is alleged to be the owner of certain patents and a licensee of others, and Radio Corporation of America is alleged to be a licensee thereunder.

In the second above-entitled suit, American Telephone & Telegraph Company is alleged to be the owner of certain patents, and Radio Corporation of America is alleged to be a licensee thereunder.

The questions involved here are essentially the same in both suits.

The rights acquired by Radio Corporation of America as a licensee, it is alleged in both suits, is by virtue of agreements which are pleaded and proffered, and in the first above-entitled suit it is alleged that the right acquired by General Electric Company as licensee is by virtue of these agreements.

The allegations being as follows:

In the first above-entitled suit: "That, by virtue of duly executed and delivered agreements in writing by and between the plaintiffs, Radio Corporation has been since their execution, and now is licensed under the said Langmuir Letters Patent and Langmuir reissue patent and Mitchell patent, and General Electric Company has been since their execution, and now is, licensed under the said Schottky Letters Patent and under the said Seibt Letters Patent, and your orators ask that the aforesaid Letters Patent, instruments, assignments, and licenses may be taken as part of this bill of complaint, profert being hereby made of the same as the Court may require."

In the second above-entitled suit: "That by virtue of duly executed and delivered agreements in writing by and between the plaintiffs, Radio Corporation has been since their execution and now is licensed under the aforesaid Letters Patent, and your orators ask that the aforesaid Letters Patent, instruments, assignments and licenses may be taken as a part of this bill of complaint, profert being hereby made of the same as the Court may require."

While there is no allegation in the bill of complaint in either suit that Radio Corporation of America or General Electric Company is an exclusive licensee, it is clearly the intention of counsel for plaintiffs to show that they are exclusive licensees, and that they have received such exclusive licenses under the said agreements of which profert is made.

The answers contain the usual twofold defenses of invalidity and noninfringement.

In addition thereto the answers set up, in the paragraphs which it is here sought to have stricken out, as an alleged defense, that plaintiffs have no standing in a court of equity, because "plaintiffs are parties to agreements which form an unlawful conspiracy and combination in restraint of trade"; that the said agreements are "illegal, void and of no force and effect whatever either in law or equity"; and that the plaintiff Radio Corporation of America had "no valid right, license or interest cognizable in law or equity * * * for the reason that the said instruments, assignments and licenses * * * fail to set up any sufficient interest to enable Radio Corporation of America to be joined as plaintiff herein."

It is further alleged that the plaintiffs and others are defendants in a suit brought by the United States in the District of Delaware, alleging an unlawful conspiracy and combination in restraint of trade, and praying that the bill filed on behalf of the government "may be accepted as a part of this answer, with the same force and effect as if they were set out in full in this paragraph."

The Radio Corporation of America, by virtue of the agreements and licenses made profert of by the bills of complaint, is shown to be an exclusive licensee under the patents in suit, and had a right to be joined as plaintiff herein. Radio Corporation of America v. Lehr Auto Supply Co. (C. C. A.) 29 F. (2d) 162; Radio Corporation of America v. Emerson (C. C. A.) 296 F. 51; Radio Corporation of America v. Independent Wireless Telegraph Co. (C. C. A.) 297 F. 521, affirmed (sub. nom. Independent Wireless Tel. Co. v. Radio Corporation) 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357; De Forest Radio Telephone & Telegraph Co. v. Radio Corporation

of America (C. C. A.) 20 F.(2d) 598; Shamrock Mfg. Co. v. Radio Corporation of America (C. C. A.) 37 F.(2d) 675.

Plaintiff contends that the alleged violation of Anti-Trust Acts is not a defense to a suit for patent infringement, and that the paragraphs containing the allegations thereof should be stricken out.

This contention of the plaintiff is supported by a long line of cases, among which are American Soda-Fountain Co. v. Green (C. C.) 69 F. 333; Brown Saddle Co. v. Troxel (C. C.) 98 F. 620; Otis Elevator Co. v. Geiger (C. C.) 107 F. 131; Independent Baking Powder Co. v. Boorman (C. C.) 130 F. 726; United States Fire E. C. Co. v. Joseph Halsted Co. (D. C.) 195 F. 295; Weyman-Bruton Co. v. Old Indian Snuff Mills (D. C.) 197 F. 1015; Harms v. Cohen (D. C.) 279 F. 276; General Electric Co. v. Minneapolis Electric Lamp Co. (D. C.) 10 F.(2d) 851; Radio Corporation of America et al. v. United Radio & Electric Corporation et al. (D. C. N. J.) 50 F.(2d) 206; Western Electric Co. et al. v. Wallerstein (D. C. W. D. N. Y.) 48 F.(2d) 268; Western Electric Co. et al. v. Pacent Reproducer Corp. et al. (D. C. S. D. N. Y.) 53 F.(2d) 639; Trico Products Corporation v. E. A. Laboratories, Inc. (D. C. E. D. N. Y.) 49 F.(2d) 404.

Defendant contends that Radio Corporation of America and General Electric Company must rely on the written agreements alleged for a cause of action, and cannot recover as licensees if the agreements on which they must rely are illegal, and cites the following cases: Independent Wireless Telegraph Company v. Radio Corporation of America, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357; Miller v. Ammon, 145 U. S. 421, 426, 12 S. Ct. 884, 36 L. Ed. 759; McMullen v. Hoffman, 174 U. S. 639, 654, 19 S. Ct. 839, 43 L. Ed. 1117; The Charles E. Wisewall (C. C. A.) 86 F. 671, 674, 42 L. R. A. 85; Bement & Sons v. National Harrow Co., 186 U. S. 70, 87, 88, 22 S. Ct. 747, 46 L. Ed. 1058; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 S. Ct. 431, 46 L. Ed. 679.

The cases cited on behalf of the defendant do not appear to be in point.

The agreements pleaded and of which profert is made do not constitute assignments of any of the patents, nor do they transfer the legal title or any part thereof of any of the said patents, and none of the rights of the Radio Corporation of America or General Electric Company, as licensees, result from acquired ownership.

The suits in question are not for the enforcement of the terms of the alleged illegal agreements, but for the protection of patent rights.

The defendant was not a party to the agreements in question, and these suits are not based upon any violation by the defendant of any provision of the said agreements.

The monopoly which it is sought to protect and preserve in the suits in question is the monopoly granted by law to the owner of the patent, for the public good by encouraging invention.

The owner of the patent is one of the parties plaintiff in each of said suits, and, even if the agreements made by the owner with the licensee should be held to be in violation of the Anti-Trust Acts (15 USCA § 1 et seq.), the owner by making such agreements did not become an outlaw whose property could be despoiled by third persons, but that would be the effect of permitting a continued infringement (if such there be) of patents legally granted and the legal title to which is in the owners and not in the said licensees.

If there be any illegality in the agreements, it does not affect the defendant personally.

The owners of the patents had an undoubted right to give or refuse to give exclusive or nonexclusive licenses under the patents, and to sell or refuse to sell the patents, and, while this may have prevented the defendant from obtaining a license, it did not deprive the defendant of any of its rights.

The penalty for a violation of the Anti-Trust Act does not include a forfeiture of the owner's rights in said patents, and, as the owners as well as the exclusive licensees are parties plaintiff in each of said suits, and the only persons, firms, or corporations having any right, title, or interest in and to said patents are parties, a decree would be a bar to any other suits against the defendant for the same cause of action.

For the reasons stated it seems to me that the motions should be granted.

Respecting as I do the opinion of Judge Thomas, I am not aided by his denial of similar motions after argument without the submission of briefs or the delivery of any opinion, in the District Court of Connecticut, in Radio Corporation of America v. Majestic Distributors, Inc., a rehearing of which he has granted.

Standard Sanitary Mfg. Co. v. United States, 226 U. S. 20, 33 S. Ct. 9, 57 L. Ed.

107, cited by defendant, may be an authority in the suit by the United States against the plaintiffs Radio Corporation of America and General Electric Company and others, in the District Court of the United States for the District of Delaware, but not in the suits in question.

As the motions here made are directed to the pleadings, and no question of pleading was involved in Carbice Corporation of America v. American Patents Development Corporation & Dry Ice Corporation of America, 283 U. S. 27, 51 S. Ct. 334, 75 L. Ed. 819, decided March 9, 1931, it does not seem to me to be in point.

The motions are granted.