## NATIONAL ELECTRIC PRODUCTS CORPORATION v. CIRCLE FLEXIBLE CONDUIT CO., Inc.

### No. 5551.

District Court, E. D. New York.

Sept. 30, 1931.

See, also, 57 F.(2d) 220.

Cooper, Kerr & Dunham, of New York City, for plaintiff.

Usina & Rauber, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the plaintiff for an order striking from the answer of the defendant the last sentence in paragraph 11, and the entire counterclaim in paragraphs 2 and 3 of defendant's prayer.

The action was brought for the alleged infringement of letters patent of the United States No. 1,687,013 for armored electric cable and No. 1,801,549 for anti-short bushing.

In paragraph 11 of the defendant's answer defendant denies the validity of the patent and infringement, and sets up as a defense that it was licensed by the plaintiff. In the last sentence of paragraph 11 the defendant alleges: "Defendant further alleges that the license covenants of said agree-

ment were merely a part of, and for the purpose of giving color of legality to an unlawful conspiracy between plaintiff and others, wherein agreements were made purporting to be licenses under patents of plaintiff with restrictions on the prices and conditions of sale of the licenses articles, and with further covenants and agreements which, in effect limit the various licensees and the plaintiff to make and/or sell only cables and articles under the terms of said licenses and to suppress manufacture and sale of unpatented cables, and thus to limit and restrict interstate commerce and trade in flexible armored cables whether patented or unpatented, in violation of section 1 of the Act of July 2, 1890, known as the Sherman Anti-Trust Act, as will more fully appear hereinafter."

It will be noted that in paragraph 11 of the answer the defendant has set up as a defense that the owners of the letters patent entered into a conspiracy in violation of the Sherman Anti-Trust Law (15 USCA §§ 1–7, 15). This defense is not available in an action for the infringement of a patent. Motion Picture Patents Co. v. Laemmle et al. (C. C.) 178 F. 104; Motion Picture Patents Co. v. Ullman et al. (C. C.) 186 F. 174, 175; U. S. Fire Escape Counter Balance Co. v. Joseph Halsted Co. (D. C.) 195 F. 295.

Defendant's counterclaim alleges that the plaintiff is engaged with others, not named, to limit commerce and trade among the several states of the United States of flexible armored electric cables and bushings, and is a party to contracts for the restraint of said trade and commerce in violation of the Sherman Anti-Trust Act, and that plaintiff has monopolized, and is attempting to monopolize, a part of said trade and commerce among the several states and with foreign nations in violation of section 2 of the said law (15 USCA § 2), and has "by said combination, conspiracy and illegal monopoly injured the trade, of and caused damage to, defendant," and "this counter-claim is made under Section 4 of the Act of October 15, 1914, known as the Clayton Act [15 USCA § 15], to restrain further injury to the defendant and for triple damages."

The counterclaim is not one which arises out of the transaction of the subject-matter in the suit for the infringement of the letters patent, and does not set up a counterclaim against the plaintiff which might be the subject of an independent suit in equity against the plaintiff, and therefore does not come within equity rule 30 (28 USCA § 723). The counterclaim sets up an action at law.

The plaintiff is entitled to a trial by jury in such an action. Fleitmann v. Welsbach Street Lighting Co., 240 U. S. 27, 36 S. Ct. 233, 60 L. Ed. 505.

Motion granted. Settle order on notice.

